STATE EX REL. OTTO PUHLMANN AND ANOTHER v.
DISTRICT COURT OF BROWN COUNTY AND ANOTHER.[1]

May 18, 1917.

Nos. 20,349—(185).

**Cause of death — findings sustained by evidence.**

1. The evidence sustains the findings of the court that the death of
an employee, a mason's helper, who was stricken with paralysis while
propelling a wheelbarrow in the course of his work, was caused by
the rupture of a blood vessel, and that the cause of the rupture of
the blood vessel was his muscular strain and exertion at the time.

**Same — accident arising out of course of employment.**

2. The evidence sustains the finding of the court that the death of
the deceased was an accident arising out of and in the course of his
employment within the meaning of the Workmen's Compensation Act
(G. S. 1913, § 8203, et seq.)

Upon the relation of Otto Puhlmann and others the supreme court
granted its writ of *certiorari* directed to the district court for Brown
county and the Honorable I. M. Olsen, the judge of that court, to
review the decision in the proceedings under the Workmen's Com-
pensation Act brought by Albertine Berg against relators Puhlmann.
Affirmed.

*K. A. Campbell* and *B. Burness,* for relators.
*Alfred W. Mueller,* for respondent.

DIBELL, C.

*Certiorari* to the district court of Brown county to review an award
under the Workmen's Compensation Act.

1. One Ferdinand Berg was stricken with paralysis on September
15, 1915, while in the employ of the relators in New Ulm, and died
the next day. The award under review was made to his widow.
The court found:

"That on said day while engaged in his said employment, said

1Reported in 162 N. W. 678.

Ferdinand Berg, while propelling a wheelbarrow, loaded with certain mason's tools and appliances, along an alleyway in said city, going from one place of work to another, was suddenly stricken with severe pain and paralysis of the lower limbs and collapsed. That he was taken to his home and there died from such stroke or attack on the next day. That the immediate cause of his collapse and death was the sudden giving way or rupture of some blood vessel in his body, with fatal result. That the immediate cause of the breaking or rupture of such/ blood vessel was the muscular strain and exertion employed by him in propelling said loaded wheelbarrow."

An important question, and logically the first one, is whether the finding that the cause of Berg's death was the rupture of a blood vessel, and the further finding that the cause of such rupture was the muscular strain or exertion to which he was subjected in propelling the wheelbarrow, are sustained by the evidence.

The evidence is meager. Berg, who was 59 years of age, was a mason's helper. About 8 o'clock in the morning he finished the work in which he was engaged and started with his wheelbarrow and tools for another piece of work a short distance away. His wheelbarrow was of iron and weighed some 80 pounds. His tools loaded on it weighed perhaps 50 pounds. A block and one-half of the distance was up a steep grade. One block, and as we infer from the testimony the last one, before he turned into the alley where he collapsed, was on a 1 to 11 grade. There is evidence that the alley was rough and full of "chuckholes" or "potholes." The weather about this time had been rainy. At the time he was stricken he suffered severe pain. No autopsy was had. His physician, who reached him within a few minutes, was of the opinion that he sustained a hemorrhage or rupture of the spinal cord, and his testimony supports the theory that it came from his exertion at the time. Other expert testimony supports it slightly. Taking the expert testimony, in connection with the circumstances attending the death, we think the inferences of fact drawn by the court are sustained.

2. The court found that the rupture of the blood vessel, which resulted in the death of the deceased, was an accident arising out of and in the course of his employment within the meaning of the Work-

men's Compensation Act. Whether this finding is sustained is the remaining question.

The act provides for compensation to be paid by the employer "in every case of personal injury or death of his employee, caused by accident, arising out of and in the course of employment," etc. G. S. 1913, § 8203. The word accident means "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault and producing at the time injury to the physical structure of the body." G. S. 1913, § 8230 (h).

That the death of the decedent occurred in the course of his employment does not admit of question. The finding that it was accidental and arose in the course of his employment is sustained. This is the effect of the authorities. Clover, Clayton & Co. v. Hughes (1910) A. C. 242, affirming Hughes v. Clover, Clayton & Co. (1909) 2 K. B. 798 (rupture of heart caused by ordinary work) ; M'Innes v. Dunsmuir, 45 S. L. R. 804, 1 B. W. C. C. 226 (cerebral hemorrhage through over-exertion resulting in paralysis) ; Johnson v. Owners of Ship Torrington, 3 B. W. C. C. 68 (cerebral hemorrhage caused by heat) ; Ismay, Imrie & Co. v. Williamson (1908) A. C. 437, 42 Ir. L. T. 213 (heat stroke) ; Fenton v. J. Thorley & Co. (1903) A. C. 443 (rupture) ; La Veck v. Parke, Davis & Co. (Mich.) 157 N. W. 72, L. R. A. 1916D, 1277 (rupture of blood vessel) ; Schroetke v. Jackson-Church Co. (Mich.) 160 N. W. 383 (heart failure caused by excitement) ; Grove v. Michigan Paper Co. 184 Mich. 449, 151 N. W. 554 (rupture of artery) ; Bayne v. Riverside Storage & Cartage Co. 181 Mich. 378, 148 N. W. 412 (pneumonia resulting from a strain) ; Bell v. Hayes-Ionia Co. (Mich.) 158 N. W. 179 (hernia) ; Poccardi v. Public Service Commission, 75 W. Va. 542, 84 S. E. 242, L. R. A. 1916A, 288 (rupture caused by strain) ; Zappala v. Industrial Ins. Commission, 82 Wash. 314, 144 Pac. 54, L.R.A. 1916A, 205 (hernia resulting from strain). In L.R.A. 1916A, 23, is an extended note.

Order affirmed.