(No. 12539.—Judgment affirmed.)

EUDOKIA JAKUB, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(J. SANDROVITZ & Co. Defendant in Error.)

*Opinion filed April 15, 1919.*

1. WORKMEN'S COMPENSATION—*circuit court may review decision of arbitrator although no application is made for review by commission.* Where the decision of the arbitrator has become the decision of the Industrial Commission because no application is made for review before the commission, the circuit court has jurisdiction to review the record of the proceeding before the arbitrator by writ of *certiorari.*

2. SAME—*accidental injury necessary before compensation can be awarded for death of an employee having pre-existing disease.* Compensation may be awarded for the death of an employee although he was afflicted with a pre-existing disease, provided the disease was aggravated and accelerated by an accidental injury received in the course of the employment, but to bring the case within the rule there must have been an accidental injury as the immediate or proximate cause of death.

3. SAME—*when death is not from accidental injury.* An injury is said to be accidental which occurs in the course of the employment unexpectedly and without the affirmative act or design of the employee, but the mere fact that the death of an employee afflicted with heart trouble may have been hastened by the heavy character of his regular work does not show accidental injury.

Writ of Error to the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding.

Isaac Landsberg, for plaintiff in error.

Truman Henry Miner, (Alfred Roy Hulbert, of counsel,) for defendant in error.

Mr. Justice Cartwright delivered the opinion of the court:

Plaintiff in error, Eudokia Jakub, applied to the Industrial Commission for compensation for the death of her husband, John Jakub, while in the employment of defendant in error, J. Sandrovitz & Co. An arbitrator found that Jakub did not sustain accidental injuries arising out of and in the course of his employment and denied the application. The decision of the arbitrator was filed with the Industrial Commission and became final as the decision of the commission. Plaintiff in error sued out a writ of *certiorari* from the circuit court of Cook county, and a return being made by the commission, the court confirmed the finding and certified that the case was one proper to be reviewed by this court.

There was no application for a review by the Industrial Commission of the decision of the arbitrator, and the question is presented whether the circuit court had jurisdiction to review the decision. Section 19 of the Workmen's Compensation act provides that the decision of the arbitrator shall be filed with the Industrial Commission, which shall send to each party a copy of the decision, and unless a petition for review is filed by either party within fifteen days after the receipt by said party of a copy of the decision, then the decision shall become the decision of the Industrial Commission; that the decision of the Industrial Commission acting within its powers, and of the arbitrator or committee of arbitration where no review is had and

his or their decision becomes the decision of the Industrial Commission, shall, in the absence of fraud, be conclusive unless reviewed as therein provided. The provision for such review is that the circuit court of the county where any of the parties defendant may be found shall, by writ of *certiorari* to the Industrial Commission, have power to review all questions of law presented by the record. Plaintiff in error did not avail herself of the statutory right to a review of the decision by the Industrial Commission and the privilege of introducing additional evidence upon such review, but permitted the decision of the arbitrator to become final as the decision of the Industrial Commission. By the statute the circuit court was given jurisdiction to review the record by *certiorari* without the necessity of a review of the decision of the arbitrator by the commission.

On the hearing before the arbitrator plaintiff in error proved the following facts: John Jakub was employed by defendant in error in baling loose pieces of copper in large bales weighing from 900 to 1500 pounds, by an electric baling press. He would put rags in the bottom of the press and then put on the scrap copper and press it down and repeat the process until there was enough for a bale, and would then release the power, open the press, bind the bale with wire and take it off the press upon a truck and haul it away. The last that was known of him before his death he was heard to call for more copper to put in the press. Very soon afterward he was found lying on the floor, with the bale, completed and wired, also on the floor, about two feet from him. He was still breathing and died within a half hour. These facts being proved, defendant in error introduced the verdict of a coroner's jury, which was admitted without objection, and found that the deceased came to his death "from organic heart disease (marked chronic fibrous myocarditis) and kidney disease." In rebuttal the plaintiff in error offered the testimony of a physician, who said that after the coroner's autopsy he examined the heart,

lungs, liver, kidneys, part of the intestines and the stomach, and found in them acute hyperemia and the heart somewhat enlarged; that in case of organic heart disease there was hyperemia in other organs, and the heavy exertion of the work in which he was employed would hasten his death. Another physician testified that in the condition of the deceased the effort and exertion of his work would interfere with the heart action and cause more or less trouble and finally cause death if the work was too heavy.

Compensation may be awarded although there is a pre-existing disease, if the disease is aggravated and accelerated by an accidental injury in the course of employment. This rule was applied in *Peoria Railway Terminal Co.* v. *Industrial Board,* 279 Ill. 352, where a fireman fell from the engine and suffered accidental injuries and a fracture of his skull. To bring a case within that rule, however, there must be an accidental injury as the immediate or proximate cause of death. The statute provides compensation for accidental injuries or death suffered in the course of the employment, and an injury to be accidental is one which occurs in the course of the employment unexpectedly and without the affirmative act or design of the employee. It is something which is unforeseen and not expected by the person to whom it happens. (*Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378.) In this case there was no evidence tending to prove any accident or accidental injury to the deceased. There was no mark upon his person and nothing from which it could be inferred that an accident had occurred, and it is not claimed that there was any accident but only that the heavy work which he was doing in the ordinary course of his employment caused or hastened his death. The decision of the arbitrator was therefore right and the circuit court did not err in confirming the decision.

The judgment is affirmed.        *Judgment affirmed.*