(No. 12834.—Reversed and remanded.)

THE E. BAGGOT COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARY C. CRIPPS, Admx. Defendant in Error.)

*Opinion filed December 17, 1919.*

1. WORDS AND PHRASES—*ordinary meaning of the word "accident."* The word "accident" is not a technical legal term with a clearly defined meaning, but in its popular acceptation it means anything that happens without design or any event which is unforeseen by the person to whom it happens.

2. WORKMEN'S COMPENSATION—*what injuries are covered by Compensation act.* The Compensation act includes every injury suffered in the course of employment for which there was an existing right of action at the time the act was passed, and it extends the liability of the employer to make compensation for injuries for which he was not previously liable and limits such compensation.

3. SAME—*when an injury is accidental.* Where an injury can be traced to a definite time, place and cause and occurs in the course of the employment the injury is accidental within the meaning of the Compensation act and the obligation to pay compensation arises.

4. SAME—*when injury from over-exertion is accidental.* Where an employee who was in good health dies from hemorrhages, due

to the tearing of an artery while engaged in vigorous muscular exertion in the manner habitual to his employment, the injury is accidental within the meaning of the Compensation act. (*Jakub* v. *Industrial Com.* 288 Ill. 87, distinguished.)

5. SAME—*when the Supreme Court must sustain award.* The Supreme Court must sustain the award of the Industrial Commission, which has been confirmed by the circuit court, if there is competent evidence in the record to support it.

6. SAME—*on a review of award the circuit court cannot enter judgment and order execution.* On a review of an award by *certiorari* the circuit court must either confirm the findings and award of the Industrial Commission or set aside the same and enter such a decision as is justified by law or remand the cause for further proceedings, and the court cannot enter judgment for the payment of the award and order execution thereon.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

RALPH F. POTTER, and KENNETH B. HAWKINS, for plaintiff in error.

PHILIP SULTAN, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is a writ of error sued out by the E. Baggot Company to review a judgment of the circuit court of Cook county affirming an award of the Industrial Commission in favor of Mary C. Cripps, administratrix of the estate of Joseph C. Cripps, deceased, the circuit court having certified that the cause is one proper to be reviewed by this court.

Joseph C. Cripps, deceased, was a plumber employed by plaintiff in error. On September 26, 1917, deceased, with Michael Brodie, was engaged in his regular work upon a building under construction where plaintiff in error was the plumbing contractor. A part of the work consisted of lifting pipe from the ground to the sixth floor, where these men were working. The pipe was lifted by a hand-derrick of the usual type, equipped with an arm over the end of

which passed a rope attached to a windlass. At each end of the windlass was a handle, by means of which the rope was rolled upon the drum, lifting the pipe attached at the other end of the rope. The windlass was operated by the two men, deceased turning one handle and Brodie the other. The last load of pipe hauled up by these men weighed between 250 and 300 pounds. After the pipe was landed on the sixth floor, and while Brodie was untying the rope, deceased started to walk away from the windlass and was seen to be spitting blood. Brodie asked him what was the matter, but deceased was unable to talk. The latter then proceeded to the construction office of plaintiff in error, on the first floor of the building, where he requested the foreman, Edwin Schutz, to get a doctor. While in the office he had two hemorrhages and coughed up blood. When deceased first came into the office the foreman noticed that he held over his mouth a handkerchief saturated with blood and was coughing. Schutz asked deceased if he was hurt, to which deceased made no reply in words but shook his head in the negative. Nothing unusual happened while the work of lifting this last load of pipe was in progress. The work was heavy, but it was the same kind of work that the two men had been doing for a couple of days. The hemorrhages recurred from time to time until October 8, when deceased died. A post-mortem examination disclosed a large longitudinal tear and several smaller transverse tears in the walls of the aorta. Prior to September 26 deceased was a strong, healthy man and had never suffered from hemorrhages or any trouble with his heart or lungs.

Plaintiff in error contends that there is no evidence to support the award of the Industrial Commission, for the reason that there is no competent evidence to support a finding that deceased sustained an accidental injury arising out of and in the course of his employment. The word "accident" is not a technical legal term with a clearly defined meaning, and no legal definition has ever been given which

has been found both exact and comprehensive as applied to all circumstances. Anything that happens without design is commonly called an "accident," and, at least in the popular acceptation of the word, any event which is unforeseen and not expected by the person to whom it happens is included in the term. The words "accident" and "accidental injury," as used in the Workmen's Compensation act of Illinois, were meant to include every injury suffered in the course of employment for which there was an existing right of action at the time the act was passed; also to extend the liability of the employer to make compensation for injuries for which he was not previously liable and to limit such compensation. If an injury can be traceable to a definite time, place and cause and the injury occurs in the course of the employment, the injury is accidental within the meaning of the act and the obligation to provide and pay compensation arises. (*Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378.) Where a workman died from a pre-existing disease which was aggravated or accelerated under circumstances which can be said to have been accidental, his death may be said to have resulted from accidental injury. (*Peoria Terminal Co.* v. *Industrial Board,* 279 Ill. 352; *Western Electric Co.* v. *Industrial Com.* 285 id. 279.) In *Schroetke* v. *Jackson-Church Co.* 193 Mich. 616, the Supreme Court of Michigan reviews at length decisions on the question of what constitutes an accident under compensation acts similar to ours, and it there holds that where an aged watchman, whose duties were to guard the plant and give alarms of fire, had been afflicted with heart disease, and on discovering a fire and giving warning and attempting to extinguish the fire became excited and died from heart failure, his death was accidental. In *Gilliland* v. *Ash Grove Lime and Portland Cement Co.* 180 Pac. Rep. 793, the Supreme Court of Kansas had under consideration a case quite similar to the case at bar. There a workman's employment required him to break rock in a

quarry with a 16-pound sledge and load the rock into a car. At noon he was in apparent good health and spirits. In the afternoon, while at his working place, and shortly after he had been seen beating a large rock with his sledge, he suffered a pulmonary hemorrhage, from which he died before medical aid could reach him. He had been working in the quarry for several months and before that had worked for three years in the sacking department of a cement plant. The court, after reviewing the authorities, held that the evidence warranted a finding that the physical structure of the man gave way under the stress of his usual labor, and that the workman did not know, or in any event was inattentive to, the limited power of his blood vessels to resist blood pressure aggravated by vigorous muscular effort. This breaking down of a part of this man's body was held to be an accident.

In the instant case all the characteristics of an accident were present. The occurrence was sudden, unexpected and undesigned by the workman. The circumstances were clearly such that the commission was justified in finding that the hemorrhage was due to blood pressure intensified by vigorous muscular exertion. Relating the hemorrhage to physical exertion, rupture of the aorta by force from within was as distinctly traumatic as if the canal had been severed by violent application of a sharp instrument from without. There was no direct evidence of extraordinary exertion suddenly displayed. When last observed before the first hemorrhage the deceased was working in the manner habitual to his employment. The fact remains, however, that an extraordinary and unforeseen thing suddenly and unpremeditatedly occurred, and presence of all the essential attributes of accident cannot be gainsaid. There was ample evidence in the record to justify the finding of the Industrial Commission that the deceased came to his death by accident, and the circuit court therefore properly confirmed the award. *Peoria Terminal Co.* v. *Industrial Board,*

*supra; Matthiessen & Hegeler Zinc Co.* v. *Industrial Board, supra; Western Electric Co.* v. *Industrial Com. supra; State* v. *District Court,* 137 Minn. 30.

Counsel for plaintiff in error rely upon *Jakub* v. *Industrial Com.* 288 Ill. 87, but that case is clearly distinguishable from the case under consideration. In that case the evidence showed that Jakub died from organic heart disease and kidney disease. The court confirmed the finding of the Industrial Commission that the deceased did not sustain accidental injuries arising out of and in the course of his employment. There was no evidence in the record in that case that any part of the body was broken, by exertion or otherwise. That case is further distinguished, so far as a review by this court is concerned, in that this court can not weigh the evidence but must confirm the award of the Industrial Commission if there is evidence to support it. (*Swift & Co.* v. *Industrial Com.* 287 Ill. 564.) It is essentially a different judicial problem to set aside a decision of the Industrial Commission which finds that a certain state of facts proves that the death resulted from accidental injuries, than to confirm a decision of the commission that the death was not by accident.

The circuit court erred in entering a judgment directing the payment of the award of the commission and ordering execution thereon. The only authority which the circuit court had on review by *certiorari* was to confirm the findings and award of the Industrial Commission or to set aside the same and enter such a decision as is justified by law or remand the cause to the commission for further proceedings. *Baum* v. *Industrial Com.* 288 Ill. 516; *Otis Elevator Co.* v. *Industrial Com.* 288 id. 396.

The judgment is therefore reversed and the cause remanded to the circuit court of Cook county, with directions to enter an order confirming the decision of the Industrial Commission.    *Reversed and remanded, with directions.*