## FRANK E. BROWN'S CASE.

### Hancock. Opinion February 12, 1924.

*Under the Workmen's Compensation Act, an occurrence to be accidental must be unusual, undesigned, unexpected, and sudden.*

The word accident is commonly predicated of occurrences external to the body, e. g., wrecks, explosions, collisions and other fortuitous mishaps in the world of things about us. Such external accidents may or may not cause bodily injuries. But an internal injury that is itself sudden, unusual and unexpected is accidental, none the less, though its external cause is a part of the victim's ordinary work.

If a laborer performing his usual task in his wonted way, by reason of strain, breaks his wrist, nobody would question the accidental nature of the injury.

If instead of the wrist it is an artery that breaks, the occurrence is just as clearly an accident. And if the strain instead of causing a rupture of a subordinate blood vessel produces a sudden dilatation of the heart itself the occurrence is none the less accidental.

On appeal. The claimant while shoveling snow, suffered sudden heart dilatation. The Commission found as a fact that the injury arose out of and in the course of the employment and that it was accidental. An appeal was taken. Appeal dismissed. Decree affirmed.

The case is fully stated in the opinion.

*George H. Worster,* for claimant.

*Andrews, Nelson & Gardiner,* for respondents.

SITTING: CORNISH, C. J., HANSON, DUNN, WILSON, DEASY, JJ.

DEASY, J. On January 12, 1923, the petitioner then in apparent full health, while upon the roof of a building shoveling snow, suddenly became dizzy, faint and short of breath. He also felt a dull pain in the region of his heart. He went home, continued to suffer same symptoms and three days later called a doctor who diagnosed the case as acute dilatation of the heart.

Upon hearing the commissioner found that the petitioner "Frank E. Brown, did, on January 12th, 1923, while in the employ of Otto Nelson Company, receive a personal injury by accident arising out of and in the course of his employment in that while shoveling snow from the roof of a building at Bucksport, Maine, he over exerted the muscles of his heart, thereby causing acute dilatation of the heart."

The defendants contend that there is no evidence of accidental injury; that what occurred was the development of disease, and not the happening of an accident.

The word accident, frequently the subject of judicial interpretation, has been recently defined by this court with copious citation of authorities. *Patrick* v. *Ham,* 119 Maine, 517. By all authorities an occurrence to be accidental must be unusual, undesigned, unexpected, sudden. The word is commonly predicated of occurrences external to the body, e. g., wrecks, explosions, collisions and other fortuitous mishaps in the world of things about us. Such external accidents may or may not cause bodily injuries. But an internal injury that is itself sudden, unusual and unexpected is none the less accidental because its external cause is a part of the victim's ordinary work.

If a laborer performing his usual task, in his wonted way, by reason of strain, breaks his wrist, nobody would question the accidental nature of the injury. If instead of the wrist it is an artery that breaks, the occurrence is just as clearly an accident. So held by this court in the case of *Patrick* v. *Ham,* supra. And if the strain instead of causing the rupture of a subordinate blood vessel produces a sudden dilatation of the heart itself, the occurrence is none the less accidental.

"A strain incurred by the workman in the ordinary discharge of his duties caused the rupture from which he died. . . . . It is not open to this court to say that this is not an accident." *Hughes* v. *Clover*, 2 B. W. C. C., 17.

"By the term 'injury' is meant not only an injury the means or cause of which is an accident, but an injury which is itself an accident." *Carroll* v. *Ind. Com.* (Col.), 195 Pac., 1098.

"It is enough that the causes, themselves known and usual, should produce a result which ·: . . . is neither designed nor expected." 25 Harvard Law Review, 340.

"It (the word accident) is often used to denote any unintended and unexpected loss or hurt apart from its cause." 1 C. J., 395.

"The physical structure of the man gave way under the stress of his usual labor. . . . . The term accident applies to what happened to him as clearly as it would apply to what happened to the car had it broken down under the assumed circumstances." *Galliland* v. *Portland Cement Co.*, 104 Kan., 771, 180 Pac., 793.

"In the case at bar there was no external accident, no mishap in the environment. The workman was doing his work in the natural, normal and regular way. He was doing his work exactly as he intended to do it. But the injury was accidental." *Mfg. Co.* v. *Wehrle*, (Ind.), 132 N. E., 698.

Numerous authorities to the same effect are cited by Mr. Justice Hanson in the Patrick case. The following are a few of the other cases supporting the same rule. In the last three, heart dilatation is held to be an accidental injury. *State* v. *District Court*, 137 Minn., 30, 162 N. W., 678; *Surety Co.* v. *Owens*, (Tex.), 198 S. W., 662; *Baggot* v. *Ind. Com.* 290 Ill., 530, 125 N. E., 254; *Fenton* v. *Thorley*, (Eng.), 5 B. W. C. C., 4. *Manning* v. *Pomerene*, 101 Neb., 127, 162 N. W., 492; *Horsfall* v. *Ins. Co.*, 32 Wash., 132, 72 Pac., 1028; In re *Gibbons*, 168 N. Y. S., 413; *Uhl* v. *Guarantee Co.*, 161 N. Y. S., 659.

The Michigan Court has adopted a rule which seems to be opposed to these authorities. But so far as we have observed it stands alone in opposition. In a recent Minnesota case it is said that "The exception to this rule seems to prevail in Michigan where it is held that unless some fortuitous event aside from the exertions in the ordinary course of the work is shown to be the cause of the hernia,

it is not compensable.    But the courts generally do not so construe accidental injuries under Workmen's Compensation Acts." *Babich* v. *Mining Co.*, (Minn.), 195 N. W., 784.

The case of *JaKub* v. *Ind. Com.*, 288 Ill., 87, 123 N. E., 263, which has been cited as supporting the Michigan doctrine is shown to be clearly distinguishable by the later case of *Baggot* v. *Ind. Com.*, 290 Ill., 530, 125 N. E., 254.

The learned counsel for the defendant does not cite the Michigan cases, nor does he in terms urge upon the court the theory that the word accident implies an unusual and unexpected external cause. But he cites and quotes at length Larocque's case a Commission ruling, not appealed from, in which accidental injury was held not proved.

The finding is well expressed and for the most part commendable. But the conclusion that there was no accident seems to be based upon the finding that the work of the deceased was "in no way different from his work in shoveling similar snow many other days previous." That this is not decisive is held by nearly all authorities.

The learned counsel says quoting from a pamphlet by D. J. Kiser, "It has been held that there must be a definite particular occurrence to which the injury can be attributed."    The supporting citations are English cases.    So far as we have observed no American Court has adopted this phrase as a part of the definition, though the Illinois Court uses language somewhat similar.    The phrase probably means no more than the word "sudden" which is commonly set down as an element in defining "accident."

The petitioner testified "It came on suddenly" and again "The feeling I felt was all practically at once."    While the petitioner did not immediately collapse, and notwithstanding that he continued for a quarter or a half an hour trying to complete his work, we think that the Commission was justified in finding that the petitioner's injury was unusual, undesigned, unexpected, sudden, and moreover attributable "to a definite and particular occasion."    It clearly is not fatal to the petitioner's case that he failed to show the "particular shovelful or shovelfuls of snow that did the damage."

The case of *Ferris* v. *Eastport*, 123 Maine, 193, is relied on by the defendants.    A fireman from exposure and a drenching with water at a fire caught a cold which developed into pneumonia.

· This is plainly distinguishable from the instant case. Heart dila
·tation is a very unusual consequence of shoveling snow. Catching
cold is rather a usual result of exposure and drenching in cold water.
Brown's injury came suddenly. While he did not at the time appreciate the fact the damage was probably all done almost instantly.
Ferris' injury was not in the same sense sudden.

Sudden heart dilatation caused by strain would be we think in
ordinary parlance called accidental. Not so catching cold from
voluntary exposure, even though pneumonia results.

Other defenses set up in the answer seem not to be well founded
and are not urged in the brief of the learned counsel.

*Appeal dismissed.*
*Decree affirmed.*