## J. NORMAN GEIPE, INCORPORATED, ET AL. *v.* HERBERT COLLETT

[No. 42, January Term, 1937.]

*Decided March 17th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Joseph Townsend England* and *Julius F. Sandrock,* for the appellant.

*Maurice J. Pressman,* with whom was *Michael F. Freedman* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

The J. Norman Geipe, Inc., the employer, and the Phoenix Indemnity Company, its insurer, have appealed from a judgment on appeal which reversed the refusal of the State Industrial Accident Commission to award Herbert Collett, a servant of the employer, compensation for a paralysis which occurred while the servant was, in the course of his employment, driving his master's motor

truck. The grounds assigned for the reversal were that there was error in refusing to direct a verdict for the employer, and, if not, a reversal with a new trial should be directed, because there was reversible error in granting the claimant's second and third prayers and in certain rulings on the admissibility of evidence.

The master was engaged in the hauling of freight on the highways of the state by motor trucks. With every truck was the crew of a driver and a helper. The driver drove the truck and assisted the helper in loading and unloading the truck. The servant in this case was a colored man about fifty years old. He was experienced and had been in the service of his master for more than five years. He drove a loaded motor truck to Wilmington where he spent the night. He started early to return, but stopped at a filling station, where he got gasoline and slept for three or four hours, as was his habit.

The claimant offered testimony tending to prove that he arrived in Baltimore about 9 o'clock in the morning, and that, as he was driving the truck at a speed of about twelve miles an hour on Monument Street, he was following another truck which was a short distance ahead. A man, who was sitting on its tail gate, started, without warning or signal, to get down from this truck, and the claimant, slowing down, pulled sharply to the left, but could not avoid striking the man with the back part of the truck. He did not see the man struck but felt the bump of the blow, and his helper told him he had hit some one. During this accident the claimant became nervous and excited and his hand "gave way" and "was dead" or limp after the man was struck, so that he could not use it and apply the hand brake, but he stopped the truck by using his foot on the foot brake. The claimant then slumped over the steering wheel, and was removed from the truck paralyzed and taken to the hospital.

There was other testimony tending to establish that, before endeavoring to avoid striking the man suddenly in his way in the street, the claimant was, so far as he knew, in good health, feeling well, and free, until the

time of the collision, of all premonitory symptoms of conditions making for paralysis. There was expert testimony to the effect that the claimant had high blood pressure and hardening of the arteries, of which he was unaware, and which might have not produced any disabling result for years; but which, because of the excitement of the accident to the man in the street and the claimant's participation in it, had definitely precipitated the break of the blood vessel that caused the cerebral hemorrhage which produced the immediate paralysis.

It is true that the employer gave testimony in rebuttal which contradicted that of the claimant at every material point, but, on the question of the legal sufficiency of the testimony, the court does not determine the truth of the testimony offered on the part of the claimant, but is bound to accept the testimony as correct. So, accepting this testimony at its apparent value, the question is a narrow one. Confessedly, it established that the employment was extra-hazardous, and that the claimant was an employee engaged, at the happening of the injury, in the course of his master's employment. The further necessary condition of compensation is that the injury received was an accidental personal injury arising out of the employment. Since the injury is the paralysis of the claimant's right side, with its consequential permanent total disability, the inquiry is ultimately whether or not, first, the injury was accidental and, if so, secondly, did it arise out of the employment.

The adjective "accidental" qualifies and describes the injuries contemplated by the statute (Code, 1924, art. 101, sec. 1 *et seq.*, as amended), as having the quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally. *Victory Sparkler Co. v. Francks,* 147 Md. 368, 381, 128 A. 635; *Gunter v. Sharp & Dohme,* 159 Md. 438, 442, 151 A. 134; *State Roads Commn. v. Reynolds,* 164 Md. 539, 546, 165 A. 475. So, if a servant, while at work, suffers or is made ill from natural causes, the state or condition is not accidental, since it is a natural result or

consequence which is normal, and to be expected. If, however, there is a subsisting condition of illness or incapacity or physical disability which is caused, increased, or accelerated by some act or event coming by chance or happening fortuitously, then the requisite quality or condition of the injury will exist so as to make it accidental. *Standard Gas etc. Corp. v. Baldwin,* 152 Md. 321, 328, 136 A. 644; *Kauffman Construction Co. v. Griffith,* 154 Md. 55, 60, 139 A. 548; *Miskowiak v. Bethlehem Steel Co.,* 156 Md. 690, 695, 145 A. 199; *State Roads Commn. v. Reynolds,* 164 Md. 539, 546, 165 A. 475; *Dickson Const. Co. v. Beasley,* 146 Md. 568, 575, 126 A. 907; *Kelso v. Rice,* 146 Md. 267, 277, 126 A. 93; *Armour Fertilizer Works v. Thomas,* 153 Md. 631, 636, 637, 139 A. 356; *Ross v. Smith,* 169 Md. 86, 92, 179 A. 173. Nor is it necessary for the accidental quality or condition to be given or created by wound or external violence, as is illustrated by many instances. *Standard Gas etc. Corp. v. Baldwin,* 152 Md. 321, 328, 329, 136 A. 644 (shock from burns); *State Roads Commn. v. Reynolds,* 164 Md. 539, 546-549, 165 A. 475 (heat prostration); *Schemmel v. Gatch & Sons etc. Co.,* 164 Md. 671, 680-682, 684, 166 A. 39 (cerebral hemorrhage caused by heat and gas); *Slacum v. Jolley,* 153 Md. 343, 351, 138 A. 244 (heat prostration); *Kauffman Const. Co. v. Griffith,* 154 Md. 55, 139 A. 548 (strain affecting heart); *Cambridge Mfg. Co. v. Johnson,* 160 Md. 248, 261, 153 A. 283; *Schneider's Workmen's Compensation Law,* vol. 1, p. 639.

If these general rules be applied to the facts admitted by the demurrer prayers on the part of the employer and the insurer, it will be found the injuries suffered were accidental. The physical condition of the claimant was not good. In the opinion of the medical expert who testified in his behalf, the claimant had an excessive blood pressure and premature hardening of the arteries. So, if he had suffered a stroke of paralysis while napping and resting at Wilmington, or while uneventfully driving to Baltimore, a paralysis occurring would have been a natural and probable result of his impaired physical

health, and so would have possessed none of the essentials of an accidental happening. Paralysis, as the expert testified, could have been normally expected to happen at any time, yet its actual occurrence might have been long deferred. The disease or malady, however, did not run its natural and anticipated course. The claimant was precipitated into paralysis as the result of an accident.

While driving slowly along the street, without any symptom or indication of physical impairment, a man jumped off the end-gate of a truck which was moving in the same lane of travel and a short distance in front of the truck driven by the claimant. The sudden and unexpected action of the man, who gave no signal, made it necessary for the claimant quickly to turn his truck so as to avoid striking the man. He did this, and partly succeeded, but he felt the blow as the end of the truck struck the man, and his helper cried for him to stop, that he had hit a man. Between the beginning of his excitement, when the man jumped in the way of the truck, and the shock of the truck's collision with the man's body, the paralysis happened.

The claimant had the right to assume reasonable care on the part of the rider on the end-gate of the truck ahead. The negligence of this party was not to be anticipated by the claimant. So, when the rider put himself in danger, it was an unexpected action which the claimant, in the exercise of reasonable care, was not bound to anticipate. So far as the claimant is concerned, all the elements of unintention, unexpectedness, and happening by chance concur in making the occurrence an accident in which he was not a witness, but an actor in the accident, who was suddenly required quickly to change the course of the truck in an effort to avoid running down a man.

If the driver's efforts to avoid the accident had brought the truck to so quick a stop that he had been thrown so hard against the steering wheel that he had broken a rib, or had jabbed his leg against a brake and had thereby blood poison, or had strained so greatly in turning the

truck from its course, he had sustained a sprained back, hernia, a rupture of an aneurism, a dilated heart, or had burst a blood vessel of the eye, an accidental injury would have resulted, in every illustrative instance here given, quite independently of the injury being traumatic or not, or whether direct or consequential, or whether or not his anterior physical condition was such as would have predisposed him to any of the particular injuries thus prematurely sustained. *Supra.* Hence, if the cause be accidental, the personal, injurious, and proximate effect in causative relation is an accidental injury within the meaning of the statute, no matter, for example, if the burst vein or artery be in the brain, lung, heart, eye, or hand. It is not perceived that there is any fundamental difference in law or in principle between an injury causatively resulting from a blood vessel being cut or crushed and one broken by an artificial distension of that blood vessel from fright, apprehension, or exertion directly and proximately a consequence of an accidental event.

In any event this is the effect of the decisions. After the position was taken by the courts that an accidental personal injury within the meaning and scope of the statute need not be caused by physical impact or direct injury to the body, it became a logical implication that an accidental personal injury takes place if the injury be a nervous shock that produces not a mere emotional impulse but a physiological injury as the proximate effect of an unforeseen or unexpected event, which occurs without design in the reasonable performance of the employee's duties. *Schemmel v. Gatch & Sons etc. Co.*, 164 Md. 671, 680-682, 166 A. 39; *Yates v. South Kirby Collieries* (1910) 3 B. W. C. C. 418, (1910) 2 K. B. 538; *Clover etc. Co. v. Hughes* (1910) A. C. 242, (1909) 2 K. B. 798; *Trodden v. McLennard* (1911) 4 B. W. C. C. 190; *Eastman Co. v. Industrial Accident Commn.*, 186 Cal. 587, 200 P. 17, 20; *Richardson v. New Haven*, 114 Conn. 389, 158 A. 886; *Stier v. City of Derby*, 119 Conn. 44, 174 A. 332, 335; *Baggot Company v. Industrial*

*Comm.*, 290 Ill. 530, 125 N. E. 254; *Brown's Case*, 123 Me. 424, 123 A. 421; *Johnson v. Zurich General etc. Co.* (La. App.) 161 So. 667; *Crosby v. Thorp etc. Co.*, 206 Mich. 250, 172 N. W. 535; *Schroetke v. Jackson-Church Co.*, 193 Mich. 616, 160 N. W. 383; *Klein v. Darling Co.*, 217 Mich. 485, 187 N. W. 400; *Monk v. Charcoal Iron Co.*, 246 Mich. 193, 224, N. W. 354; *Guay v. Brown Co.*, 83 N. H. 392, 142 A. 697; *Clark v. Lehigh Valley Coal Co.*, 264 Pa. 529, 107 A. 858; *Yunker v. W. Leechburg Steel Co.*, 109 Pa. Super. 220, 167 A. 443.

Not only was the injury here accidental, if the testimony on the part of the plaintiff be accepted as true, but it arose out of the employment. The claimant was employed to operate the employer's motor truck, and, at the time of the accident, he was engaged in that employment pursuant to his master's command. In the scope or sphere of that employment it was the servant's duty to drive and operate the master's truck with care and caution according to the circumstances of the situation. It was while so acting that the accident occurred, and there is no question that the accident arose out of the master's employment. *Schemmel v. Gatch & Sons. etc. Co.*, 164 Md. 671, 682, 683, 166 A. 39.

The court, therefore, concurs in the ruling that the claimant's case was entitled to be submitted to the jury for its finding on the facts. No reversible error is found in the action of the court on the prayers. The first exception is not pressed, and presents no error. The second, third, and fourth exceptions were taken to correct rulings on the testimony permitting the claimant to describe his physical condition.

The statement which the claimant declared he had not signed was not properly authenticated at the time it was first offered in evidence, and so was not then admissible. Its execution was later proved by another witness, and it was then read in evidence. The testimony of the expert witness offered on the part of the plaintiff was not objectionable for any of the reasons assigned. The rulings were

not erroneous and present no question which requires decision.

Finding no reversible error on the record, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*