(No. 31051.— <span style="background:black"></span>)

THE TOWN OF CICERO *et al.*, Defendants in Error *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MILDRED MILLER, Plaintiff in Error.)

*Opinion filed November 22, 1949—Rehearing denied Jan. 12, 1950.*

JOHN J. SHERLOCK, and FRED A. GARIEPY, both of Chicago, (JOHN SPALDING, of counsel,) for plaintiff in error.

MCNAMARA, GREENE & O'BRIEN, of Chicago, (JOHN A. NORDSTRAND, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Mildred Miller filed with the Industrial Commission on March 12, 1946, an application for adjustment of claim

against the town of Cicero, a municipal corporation, and Fidelity and Casualty Company of New York, a corporation, claiming compensation for an accidental injury which resulted in the death of her husband, Paul Miller, who was a lieutenant of the fire department of Cicero. As alleged in the petition, the death of the decedent occurred while he and other members of the fire department of the municipality were engaged in fighting a fire. The arbitrator, after hearing evidence introduced by both sides, entered an award in favor of the plaintiff in error, awarding to her compensation for 266 weeks at the rate of $18 per week and one additional week at the rate of $12. From this award defendants in error filed their petition for review, upon which hearing the Industrial Commission sustained and affirmed the decision of the arbitrator. The cause was then taken to the superior court of Cook County by writ of *certiorari.* That court reversed the decision of the commission and the arbitrator and entered its order of reversal without remanding the cause. The court there in its order found that the award in favor of plaintiff in error was contrary to the law and contrary to the manifest weight of the evidence.

The record discloses that Miller was sixty-three years of age at the time of his death, that he had been a member of the Cicero fire department for more than twenty-five years, and that he had suffered from chronic myocarditis or heart disease for at least five years prior to his death. On the morning of January 22, 1946, a fire occurred at a restaurant about three quarters of a mile from the station where he was on duty. When Miller and members of the fire department arrived at the scene of the fire a few minutes after receiving the alarm he jumped off the truck on which they were riding, ran into the building and at once began directing his men in the extinguishment of the fire, giving orders as to the handling of the equipment. The evidence is conflicting as to whether he aided the firemen

in dragging the hose about, but it is conceded he was actively engaged in directing his men in fighting the fire. While Miller was inside the building between the walls and the counter he fell to the floor. A Pulmotor or inhalator was applied, an ambulance was called and he was taken to the hospital where he was pronounced dead.

The question involved is whether the deceased came to his death by an accident arising out of his employment. The defendants in error contend the facts are not in controversy and that the question presented is one of law. Plaintiff in error pointed out certain conflicts in the testimony which she claims show that the facts are somewhat in dispute, and therefore the question is one of fact.

Where the facts are not in controversy and it becomes a question of law whether the employee received injuries which arose out of and in the course of the employment, the decision of the Industrial Commission will not be reversed if there is any competent evidence fairly tending to support the decision or upon which the findings of the commission can be based, and this court will not, in such case, weigh the evidence or disturb the findings. (*Perkins Products Co.* v. *Industrial Com.* 379 Ill. 115.) Where the evidence is conflicting upon the question whether an employee has received an accidental injury arising out of his employment, the question is one of fact, and this court will not disturb the finding of the Industrial Commission upon such contested question of fact unless the same is contrary to the manifest weight of the evidence. (*Fluor Corp.* v. *Industrial Com.* 398 Ill. 616.) While in compensation cases the courts review all questions of law and fact presented by the record, yet it is only where the decision of the Industrial Commission is without substantial foundation in the record or its findings are manifestly against the weight of the evidence that such decision is set aside. *Olympic Commissary Co.* v. *Industrial Com.* 371 Ill. 164.

Dr. Gerald A. Hancur testified that he examined and treated Miller a number of times during the years 1941 and 1942, that he found him suffering from high blood pressure, a slightly enlarged heart, and chronic myocarditis, that chronic myocarditis is an old degenerative condition of the heart muscle due to prolonged exertion, and in which the heart muscle is changed and damaged. He further stated that he prescribed phenobarbital and nitroglycerin and advised him to rest a great deal and not overexert himself at any time.

Dr. Chester W. Fouser, who had been acquainted with Miller for 25 years, testified that he examined and treated him in June and also in December of 1945, that he found him suffering from chronic myocarditis, that he last saw him in the middle of December, 1945, that he prescribed for him and also told him that he should quit his job with the fire department because it was too strenuous. In response to hypothetical questions, Dr. Fouser testified that in his opinion there was a causal connection between Miller's death and his previous condition of health, as known to the witness from his examination of Miller in 1945, and also a causal connection between his activities at the fire on January 22, 1946, his collapse and subsequent death and his previous condition of health.

Dr. Kiser, a physician to the coroner, testified that on January 22, 1946, he conducted an inquiry at the undertaker's parlor concerning the death of Paul Miller, and that as a result of his examination of the body and information obtained by him from persons there present, he made a finding that the cause of Miller's death was chronic myocarditis.

It is contended by plaintiff in error that the decision of the Industrial Commission is not manifestly against the weight of the evidence, while defendants in error contend that the record contains no competent evidence showing that Miller's death resulted from an accidental injury which

arose out of his employment, or showing that the alleged accidental injury in any way caused or contributed to his death; that the decision of the Industrial Commission could not be based other than on conjecture and surmise. Defendants in error make the further contention that the testimony of the coroner's physician as to his finding of death from chronic myocarditis is not admissible because based at least in a major part upon hearsay or statements of other persons, and that certain hypothetical questions propounded to Dr. Fouser were improper.

We have often held that the award of the commission must be based upon something more than surmise and conjecture, and it must be shown by competent evidence, not only that the deceased sustained an accidental injury resulting in death, but that such injury arose out of and in the course of the employment. We have held, however, that reasonable inferences may be drawn by the commission from undisputed or established facts, and that all that can be reasonably required to establish controverted facts is that the evidence, whether direct or circumstantial, creates a greater or less probability leading, on the whole, to a satisfactory conclusion. (*Rosenfield* v. *Industrial Com.* 374 Ill. 176.) It is a well-settled rule that where an employee, in the performance of his duties and as a result thereof, is suddenly disabled, an accidental injury is sustained even though the result would not have obtained had the employee been in normal health. (*Marsh* v. *Industrial Com.* 386 Ill. 11; *Carson-Payson Co.* v. *Industrial Com.* 340 Ill. 632; *Powers Storage Co.* v. *Industrial Com.* 340 Ill. 498; *Jones Foundry and Machine Co.* v. *Industrial Com.* 303 Ill. 410; *Baggot Co.* v. *Industrial Com.* 290 Ill. 530.) While it is true that where death is caused by organic heart trouble or other pre-existing disease, it must be shown that the disease was aggravated and accelerated by an accidental injury sustained in the course of the employment, which

accidental injury was the immediate or proximate cause of death, (*Fittro* v. *Industrial Com.* 377 Ill. 532,) it is not necessary, in order that the injury be accidental within the meaning of the Workmen's Compensation Act, that the employee receive some external violence. (*Baggott Co.* v. *Industrial Com.* 290 Ill. 530.) If a workman's existing physical structure, whatever it may be, gives way under the stress of his usual labor, his death is an accident which arises out of his employment. *Carson-Payson Co.* v. *Industrial Com.* 340 Ill. 632.

In .the *Jones Foundry and Machine Company case,* above cited, a workman, one Stanislaw Golembiewski, who was afflicted with arteriosclerosis and high blood pressure, was at work in the heated molding room of his employer's foundry, performing his customary duties, when he collapsed, was taken to a hospital and was thereafter found to have become insane and to have suffered a stroke of paralysis. Compensation was awarded him by the Industrial Commission and the award affirmed by this court. In the opinion in that case, this court after quoting from *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378, that an injury to be accidental or the result of an accident must be traceable to a definite time, place and cause and occur in the course of the employment, unexpectedly and without the affirmative act or design of the employee, then said: "The time and place of Golembiewski's injury are certain. There is evidence tending to show that his exertion in his work in the heat of the molding room was the cause, and it occurred in the course of his employment unexpectedly and without any act or design on his part. It is probably true that an injury of a similar character might have happened to Golembiewski by reason of moderate exertion in a moderate temperature and not in the course of his employment, or even that he might have received a similar stroke in the absence of any exertion at

all, while sitting in his home or lying in his bed, and the result would perhaps have been the same, but he did not suffer any injury in that way as a result of his disease. He was overcome while he was at work, under circumstances which furnish an adequate cause for the result, and we will not indulge in conjecture as to what might have happened under other circumstances. He might have suffered this stroke in the same way if he had stayed at home and not worked that day, but he did not and he did suffer his stroke as the combined result of his disease and his work."

In the instant case, the fact that Miller was suffering from chronic myocarditis, predisposing him to collapse and death is of no consequence. Whether he might have died in the same way in the absence of any exertion at all, while sitting in his own home, or whether he might have suffered collapse if he had stayed at home and not worked that day is immaterial. The question for the Commission was whether the work he was doing in connection with fighting the fire caused, or contributed to cause, his collapse and death.

The record discloses that when Dr. Kiser, the coroner's physician, upon direct examination as a witness for plaintiff in error, testified concerning the investigation and finding made by him as to the cause of Miller's death, no objection was made to his testimony although it appeared from his examination in chief that he based his finding to a great extent upon hearsay. At the close of the witness's cross-examination, counsel for defendant in error moved to strike all his testimony with regard to diagnosis or conclusion as to the cause of death "for the reason heretofore stated." This was the only objection made to the testimony of this witness. However, previous thereto both Dr. Hancur and Dr. Fouser had testified concerning their examination, diagnosis and treatment of Miller, but had not given any opinion or testified as to any causal connec-

tion between his previous condition of health, as found and prescribed for by them and his collapse and death on the day of the fire, the objection of defendants in error to the hypothetical questions concerning such causal connection having been sustained by the arbitrator. At the conclusion of the testimony of these doctors, counsel for defendants in error made a motion, which was overruled, to strike all of their testimony containing opinions concerning possible connection between Miller's previous condition of health as found by them, and the cause of his death, for the reason that there was nothing in the record concerning the cause of death. This ground of objection is evidently "the reason heretofore stated" upon which the motion to strike Dr. Kiser's testimony was based, and it is obvious that said "reason heretofore stated" is not that the evidence objected to was based on hearsay.

It is established by a long line of cases that a specific objection to evidence, based solely on a particular point, is a waiver of objections on all other points not specified or relied upon. (*Forest Preserve Dist.* v. *Lehmann Estate,* 388 Ill. 416; *Village of Prairie du Rocher* v. *Schoening-Koenigsmark Milling Co.* 248 Ill. 57.) It is a settled rule of this court that a party will not be permitted to raise objections here which were not urged in the trial below. (*Holmes* v. *First Union Trust and Savings Bank,* 362 Ill. 44; *Foreman-State Trust and Savings Bank* v. *Demeter,* 347 Ill. 72; *Morey* v. *Brown,* 305 Ill. 284.) Testimony, although hearsay and incompetent, if received without objection is to be considered and given its natural probative effect as if it was in law admissible. *Kivish* v. *Industrial Com.* 312 Ill. 311; *Ascher Bros. Amusement Enterprises* v. *Industrial Com.* 311 Ill. 258.

After Dr. Kiser had testified, Dr. Fouser was recalled by plaintiff in error and during his examination in chief was permitted, in answer to two hypothetical questions, to testify that in his opinion there was a causal connection

between the condition for which he had treated decedent and his collapse at the fire, and that in his opinion there was a causal connection between his work, his collapse and subsequent death within an hour thereafter, and his previous condition of health. These are the hypothetical questions which defendants in error insist were improperly permitted to be asked and answered, and they make objection to these hypothetical questions on the ground that there are incorporated therein Dr. Kiser's opinion and conclusion that chronic myocarditis was the cause of death. They further claim that these questions were improper for the reason that in asking whether there *was* a causal connection between the chain of events related in the hypothetical question and the death of decedent, instead of asking whether there might or could be a causal connection, they invaded the province of the arbitrator, whose right and duty it was to determine whether there was any causal connection.

It is apparent from a reading of the hypothetical questions that neither of them incorporate therein any opinion or conclusion of Dr. Kiser; and it is further apparent from an inspection of the abstract that neither of the objections which defendants in error now make to said hypothetical questions was made by them at the time of the trial. Aside from this, we are of the opinion it is entirely immaterial in this case whether the witnesses testified there was a causal connection between the chain of events recited in the hypothetical question and the death of decedent, or that there might or could be such causal connection, since in any event the answer was merely the opinion of the witness, given as a medical expert, upon the facts stated in the hypothetical question, and it still remained for the arbitrator, the commission and the circuit court successively to determine the facts. *Porter* v. *Industrial Com.* 352 Ill. 392.

We are of the opinion in the instant case a conclusion may very logically be drawn from the facts proved by com-

petent evidence, and the reasonable inferences arising therefrom, that the deceased suffered an accidental injury arising out of and in the course of his employment, which aggravated his pre-existing heart condition and caused his death. There was direct evidence that decedent had been suffering from chronic myocarditis for at least five years, that he had been advised by his physician a few weeks before his death that he should quit his job with the fire department because it was too strenuous for him; and there was also direct evidence that while fighting a fire he collapsed and died in a short time without regaining consciousness. There was medical testimony tending to prove that his sudden collapse and immediately ensuing death were brought about by reason of the effect upon his weakened heart of his activity at the fire. It is a matter of common knowledge that a fireman when engaged in combating a fire is under a strain and tension, not present on other occasions when he is on duty. No post-mortem was made and consequently it is not possible to determine positively and absolutely the cause of his death. It is incumbent upon an applicant for compensation for the death of an employee to prove the death arose out of the employment, but it is not necessary in order to recover that the applicant negative every possibility that death might have arisen other than out of the employment, where a legitimate inference from the evidence is that he died from an injury which arose out of the employment. (*Fluor Corp.* v. *Industrial Com.* 398 Ill. 616.) The cause of death need not be shown by positive and direct testimony, but it is sufficiently shown if the facts and circumstances proved are such that, upon the whole evidence, the reasonable inference to be drawn is that it arose out of and in the course of the employment. *Grola* v. *Industrial Com.* 388 Ill. 114.

In view of the facts proved in this case and the reasonable inferences arising therefrom, it cannot be said that the decision of the Industrial Commission is against the

498

manifest weight of the evidence, and the finding of the Industrial Commission is correct and the superior court erred in setting it aside.

For the reasons above pointed out, the judgment of the superior court is reversed and the cause remanded to that court, with directions to confirm and reinstate the award of the Industrial Commission.

*Reversed and remanded, with directions.*