(No. 4374—)

AGNES RELK, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 8, 1951.*

MICHAEL J. THUMA, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Agnes Relk, widow of Cornelius Relk, deceased, seeks to recover from respondent under the Workmen's Compensation Act for the death of her husband in an accident that arose out of and in the course of his employment as a claims deputy in the Division of

Unemployment Compensation of the Department of Labor.

On Friday, July 28, 1950, a mass inventory layoff of employees was made by the Electro-Motive Company, Joliet, Illinois. Anticipating that there would be a large number of claims filed for unemployment compensation the following day at the Unemployment Compensation Office in Joliet, it was decided to have an augmented staff of employees of the Division of Unemployment Compensation present at the office in Joliet to handle the expected number of claims.

Therefore, decedent and three ladies undertook on Saturday, July 29, 1950, to handle the extra work load. When the office was opened at 8 o'clock in the morning, 50 or 60 persons were already waiting to make claims. Decedent was in charge, and undertook to organize the morning's work. The applicants formed in lines to the capacity of the building where the claims were being processed, and periodically, as claims were completed, additional persons were admitted to the premises. To keep order decedent went up and down stairs several times, and on one occasion was required to deal with an intoxicated applicant who had become quite unruly.

About 10:45 A.M. it was decided that already inside the building were all the persons whose claims could be handled before the noon closing hour. Decedent went to the entrance of the building to inform those still on the outside that no further claims could be handled that day. One applicant attempted to strike decedent immediately after he made such announcement, and such applicant jammed his foot within the door so that decedent could not close it.

Thereupon it was necessary to call the Joliet Police Department to disperse the persons on the outside, who

by that time had become quite unruly and were milling around in front of the entrance. This being done, decedent went upstairs to his private office, and, when the three ladies assisting him had finished their morning's work, they found him slumped over the top of his desk complaining of a heart attack. The ladies took what measures they could to relieve his distress, and a doctor and the Pulmotor squad of the Joliet Fire Department were summoned, but in spite of their ministrations decedent expired.

The record discloses that decedent had been under a doctor's care for more than a year for a heart condition, which had been previously diagnosed as a posterior coronary artery occlusion, but more definitely as a moderate coronary artery insufficiency.

Two doctors testified in behalf of claimant. Both were more or less positive that the mental and physical strain through which decedent had gone during that Saturday morning contributed directly to a spasm of his coronary vessels, which resulted in his death. In other words, the excitement of the morning brought on a fatal coronary occlusion blocking the flow of blood through his heart.

No jurisdictional questions are involved in this case. In our opinion, the foregoing facts bring this case within the rule announced in *Town of Cicero* v. *Industrial Commission*, 404 Ill. 487, wherein, at pages 492-493, the Supreme Court said:

". . . It is a well-settled rule that where an employee, in the performance of his duties and as a result thereof, is suddenly disabled, an accidental injury is sustained even though the result would not have obtained had the employee been in normal health. (*Marsh* v. *Industrial Com.*, 386 Ill. 11; *Carson-Payson Co.* v. *Industrial Com.*, 340 Ill. 632; *Powers Storage Co.* v. *Industrial Com.*, 303 Ill. 410; *Baggot Co.* v. *Industrial Com.*, 290 Ill. 530.) While it is true that where death is caused by organic heart trouble or other pre-existing disease, it must be shown that the disease was aggravated and

accelerated by an accidental injury sustained in the course of the employment, which accidental injury was the immediate or proximate cause of death, (*Fittro* v. *Industrial Com.*, 377 Ill. 532), it is not necessary, in order that the injury be accidental within the meaning of the Workmen's Compensation Act, that the employee receive some external violence. (*Baggott Co.* v. *Industrial Com.*, 290 Ill. 530.) If a workman's existing physical structure, whatever it may be, gives way under the stress of his usual labor, his death is an accident which arises out of his employment. *Carson-Payson Co.* v. *Industrial Com.*, 340 Ill. 632."

Claimant is, therefore, entitled to an award under Section 7 (a) (1) of the Workmen's Compensation Act.

On the date of his accident and death, claimant was 56 years of age, married, but had no children under the age of 18 years dependent upon him for support. His earnings in the year prior to his death amounted to $4,080.00, and the rate of compensation in this case is, therefore, $22.50 per week.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, was employed to take and transcribe the testimony before Commissioner Wise. Charges in the amount of $118.20 were incurred, which charges are customary and reasonable. An award is entered in favor of William J. Cleary & Co. for $118.20.

An award is entered in favor of Agnes Relk, widow of Cornelius Relk, deceased, under Section 7 (a) (L) of the Workmen's Compensation Act for $6,000.00, payable as follows:

$1,006.07 which has accrued and is payable forthwith;
$4,993.93 which is payable in weekly installments of $22.50 per week, commencing on June 15, 1951, for a period of 221 weeks, plus one final payment of $21.43.

Jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chap. 127, Sec. 180.