May 17, 1977.
This is an appeal pursuant to the Workmen's Compensation Act, Section 72-1, et seq., of the 1962 Code. The Single Commissioner, Full Commission, and Circuit Court resolved all issues in favor of the claimant-respondent Sturkie. We affirm.
Claimant, while working in Puerto Rico, suffered an alleged injury involving his heart and respiratory system which later developed into emphysema. The ultimate issue is whether the claimant sustained an "injury by accident" resulting from exposure to altitude, climate, and working conditions.
The compensability of a particular event as an accident within the purview of the Act is a question of law to be decided by the courts. Sylvan v. SylvanBrothers, Inc., 225 S.C. 429, 82 S.E.2d 794 (1954);Jordan v. Dixie Chevrolet, Inc., 218 S.C. 73,61 S.E.2d 654 (1950). The Commission's factual determination as to whether an accident has occurred is conclusive if supported by any competent evidence. Kinsey v. Champion AmericanService Center et al., 268 S.C. 177, 232 S.E.2d 720 (1977);Robinson v. City of Cayce, 265 S.C. 441,219 S.E.2d 835 (1975). Our scope of review is therefore bifurcated to first consider the compensability as an "accident" of diseases contracted by climatic exposure.
In the case of Riley v. South Carolina State Ports Authority,253 S.C. 621, 172 S.E.2d 657 (1970), an employee was exposed to heavily dust laden atmosphere in the *Page 540 
course of his employment. Breathing the dust and pre-existing asthmatic condition precipitated fits of coughing which resulted in a hemorrhage in his brain. This Court affirmed a finding that the employee had suffered an injury by accident within the meaning of the compensation law.
In Hiers v. Brunson Construction Co., 221 S.C. 212,70 S.E.2d 211 (1952), an employee with a pre-existing cold was required to repair a roof on a cold, rainy day in February and subsequently developed pneumonia. In affirming an award under the Workmen's Compensation Law, this Court defined injury by accident:
"The adjective `accidental' qualifies and describes the injuries contemplated by the statute as having the quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally. If one becomes ill while at work from natural causes, the state or condition is not accidental since it is a natural result of consequence and might be termed normal and to be expected. If, however, there is a subsisting condition of illness or incapacity or physical disability which is caused, increased, or accelerated by some act or event coming by chance or happening fortuitously, then the requisite quality or condition of the injury will exist so as to make it accidental. Neither is it necessary that the accidental quality or condition be created by wound or external violence. Geipe v. Collett,172 Md. 165, 190 A. 836, 109 A.L.R. 887.
 * * *
"In the majority of jurisdictions, no slip, fall or other fortuitous event or accident in the cause of the injury is required; the unexpected result or industrial injury isitself considered the compensable accident." (Authorities omitted.) 221 S.C. at 230-231, 70 S.E.2d at 219-220
(Emphasis added).
Finally, in Strawhorn v. Chapman Construction Co. et al.,202 S.C. 43, 24 S.E.2d 116 (1943), the employer was a painter who contracted lead poisoning induced by unusual *Page 541 
inhalation of old paint dust. Ruling the event accidental, this Court held:
"* * * We have not been unmindful of the point strongly made by appellants' counsel that from the evidence in the record no occasion of time or place can be certainly pointed to when and where the deceased was subjected to lead from paint dust in an unusual or unexpected quantity, but from the whole record, the facts and testimony of the experts, we conclude, as stated, that there was evidence to support the finding of such by the Industrial Commission, with which this Court then has nothing to do.
"Worth remembering in the above connection is the principle that the right to workmen's compensation may, of course, appear by circumstantial evidence, as well as direct, and the proof, like in other civil cases, need not be such that it is inconsistent with any other condition of facts than that sought to be established. South Carolina cases in 34 S.E. Dig. Pocket part, page 223, Workmen's Compensation, Key 1414. Another pertinent consideration is that the element ofsurprise or improbability necessary to constitute an accidentin contemplation of law need only be in the result or effect ofthe happening. Goethe v. New York Life Insurance Company,183 S.C. 199, 190 S.E. 451. Layton v. Hammond-Brown-JenningsCompany, 190 S.C. 425, 3 S.E.2d 492;Cole's Next of Kin v. Anderson Cotton Mills, 191 S.C. 458,4 S.E.2d 908." 202 S.C. at 52, 24 S.E.2d at 120. (Emphasis added.)
A composite of these cases clearly establishes a recognition in South Carolina case law of diseases resulting from exposure constituting an injury by accident where the result is unexpected. See Larson's, Workmen's Compensation Law, Section 38.50. Likewise, the exacerbation of a pre-existing disease or injury arising out of or in the course of the employment is compensable. Arnold v.Benjamin Booth Co., 257 S.C. 337, 185 S.E.2d 830
(1971). The test "as to whether the injury or death arose *Page 542 
out of or in the course of employment when caused or hastened by atmospheric conditions, is whether, under all circumstances, the employee was exposed to a greater risk by reason of his employment and duties than was imposed upon an ordinary member of the public." Hiers v. Brunson ConstructionCo., supra, 221 S.C. at 230, 70 S.E.2d at 219. Having determined the requisites for compensability as a matter of law for exposure produced diseases to constitute an accidental injury, we now turn to the more restrictive scope of review of the existence of competent evidence to support the factual findings of the Commission. Kinsey v.Champion American Service Center, supra.
The evidence revealed appellant was exposed to high humidity, fog, high temperatures, cement dust and short rain showers which usually occurred several times during the day. Unlike the general population, respondent testified his employment as a cement truck driver necessitated operating an open cab unsheltered from the elements. Respondent testified that prior to his injury he missed no work and that his health was good until the sudden and unexpected onset of his malady. There is medical testimony indicating the environmental and working conditions most probably caused the alleged accident.
Emphysema develops gradually, but its effect in collapse is sudden. The settled rule is that where the work and its own environment of circumstance exposed the employee to the happening of an event causing an accident, the accident arises out of the employment.
To discuss the different inferences which the parties seek to draw from the evidence would be to travel again the same ground covered by the Industrial Commission. Although there are conflicts in the evidence and medical testimony, it is not the province of the Court to weigh the testimony; findings of fact of the Commission are conclusive where supported by competent evidence. Aristizabal v. I.J. Woodside,et al., 268 S.C. 366, 234 S.E.2d 21 (1977). We *Page 543 
find competent evidence supporting the Commission's findings that respondent was exposed to a greater risk than the general public; climatic and working exposure conditions caused the injury complained of; and the result was unexpected, unusual, and therefore accident. We, accordingly, affirm the opinions of the Commission and trial court that respondent suffered an injury by accident arising out of and in the course of his employment.
Affirmed.
LEWIS, C.J., and RHODES and GREGORY, JJ., concur.
LITTLEJOHN, J., dissents.