(No. 20221.—

The Chicago and Northwestern Railway Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Elisa Armbruster, Defendant in Error.)

*Opinion filed October 25, 1930.*

NELSON TROTTMAN, and W. A. DAYTON, for plaintiff in error.

JAMES A. TRACY, and JOHN A. BLOOMINGSTON, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on writ of error awarded on petition of plaintiff in error to review the judgment of the circuit court of Cook county which set aside the finding of the Industrial Commission, found that John Armbruster, husband of defendant in error, sustained accidental injuries arising out of and in the course of his employment, which injuries resulted in his death, and entered an award in the sum of $14 per week for 267-6/7 weeks, totaling the sum of $3750.

At the time of his death Armbruster was an employee of plaintiff in error. He was employed in the work of connecting one-inch pipe which formed a part of a heating plant. Joseph Muller and Tom Kyllingstad, employees of plaintiff in error, were the only persons present at the time of the claimed injury. Muller testified that while engaged in hooking up these pipes he heard Kyllingstad call to him, and turning around saw Armbruster falling and seized him around the breast; that Armbruster hit the concrete with his head when he fell. He also testified that his back was turned to Armbruster, and that as he turned around he saw him slowly sinking down toward the ground. Kyllingstad testified that while he was connecting up a piece of inch-pipe about eighteen inches long, Armbruster, who was supervising the work, was attempting to assist him; that Armbruster stooped down, and on being told by the witness that he could manage it himself he arose, and almost immediately thereafter began sinking down gradually and all of a sudden went over; that when he fell he struck his head on the cement floor, and that the witness attempted to catch

him but could not. Charles Taylor testified that he was a machinist foreman for plaintiff in error; that Armbruster had worked under him for about fifteen years; that in May, June and July, 1926, he was not working because he was not well, and when he returned to work in October of that year he was ordered to do only light work because of a letter which the deceased brought him from a Dr. Gagin. Taylor also testified that deceased was not required to do heavy work because of the condition of his health. The record shows that deceased was suffering from a serious heart condition and that he had high blood pressure. The autopsy disclosed that the aorta was much distended and an aneurism or rupture had taken place. Defendant in error testified that on December 29, the morning of his decease, he "did not look very good" when he left home. Witnesses who saw the deceased after his death testified to a discoloration about the head and elsewhere about his body.

Dr. Zan D. Klopper testified for defendant in error that in his opinion the discoloration on his head was caused by a fall or something striking him on the head, but he was unable to say whether deceased received the fall before or after his death. In response to a hypothetical question he testified that a man in the condition of the deceased ought to be entirely quiet; that a fit of anger, any kind of work, any pulling, a sudden lift or running for a car, could produce death, and that the witness was of the opinion, under the hypothetical question stating that the deceased was pulling on a wrench at the time of his death, that such pull produced the aneurism and was sufficient to cause his death. Dr. Orlando F. Scott also testified, in response to a hypothetical question, substantially to the same effect. Dr. C. W. Hopkins, for the plaintiff in error, testified, in response to the same hypothetical question, that there was no causal connection between the death of the deceased and an accident; that such person might die either at work, on the street or at home.

The province of the commission and the arbitrator is to pass on the facts. It is incumbent on a claimant, under the Compensation act, to prove by direct and positive evidence, or by evidence from which the inference can be fairly and reasonably drawn, that an accidental injury which arose out of and in the course of the employment of the deceased caused his death. (*Standard Oil Co.* v. *Industrial Com.* 339 Ill. 252; *Edelweiss Gardens* v. *Industrial Com.* 290 id. 459.) While counsel for defendant in error argue that the evidence shows there were some small pieces of wood on the floor at the place where the men were working and that the foot of deceased might have slipped, causing him to fall, yet there is no evidence that such was the cause of the fall, as both witnesses present testified that he started to sink down slowly while in a standing position. Dr. Klopper stated that he was of the opinion that the fall was caused by the rupture of the aorta.

Neither this court nor the circuit court is warranted in reversing the finding of the Industrial Commission unless it is shown to be clearly against the manifest weight of the evidence. The evidence in this case tends to establish that the deceased came to his death from disease. Compensation may be awarded although there is a pre-existing disease if the disease is aggravated or accelerated by an accidental injury in the course of employment. There must, however, be an accidental injury as the immediate or proximate cause of death. (*Hahn* v. *Industrial Com.* 337 Ill. 59; *Jakub* v. *Industrial Com.* 288 id. 87.) The record here does not tend to establish that deceased came to his death by an accidental injury arising out of and in the course of his employment, and the circuit court erred in setting aside the findings of the arbitrator and the Industrial Commission in that regard and in entering an award.

The judgment of the circuit court is therefore reversed.

*Judgment reversed.*