(No. 27385.—

CARL MARSH, Plaintiff in Error, *vs.* THE INDUSTRIAL COM-
MISSION *et al.*—(ILLINOIS CHINA COMPANY, Defendant
in Error.)

*Opinion filed January 18, 1944—Rehearing denied March 16, 1944.*

12

LONDRIGAN & LONDRIGAN, of Springfield, for plaintiff in error.

EARL S. HODGES, of Springfield, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

The circuit court of Logan county confirmed a finding of the Industrial Commission that Carl Marsh had not suffered an accidental injury in the course of his employment, and denying his petition for compensation. We have allowed a writ of error to review the case.

Carl Marsh was an employee of the Illinois China Company. He was about forty-two years of age, and had never noticed any trouble with his heart. He had worked for the company about fifteen years. June 23, 1941, he was engaged in removing molds of clay, called saggers, from racks. He set them on a wheelbarrow, took them off and stacked them upon the floor. The saggers were of different sizes, the heaviest weighing from fifty to fifty-five pounds, and the racks ranged in height up to about seven feet. After he had been at work about a half-hour he was lifting one of the heaviest saggers from a rack about seven feet high, when he became sick and dizzy, and his heart commenced to pound. He remained on the job until about nine A. M., when he told his foreman he would have to quit work; that he did not really know what was wrong, but he thought his old pump had gone bad. Prior to that time he had worked regularly, but since then

has been unable to do any heavy work because of a fibrillating heart with hypertension.

The medical testimony shows that the lifting of a weight of from fifty to fifty-five pounds from a rack seven feet high would aggravate an existing heart condition. The medical testimony is also to the effect that if his heart had been normal the work he was doing would have had no effect upon him. The doctors also testified that in their opinion the added effort of lifting the heavy weight produced a condition the heart would not stand, and that in their opinion the effort precipitated the attack; that the work he was doing on that particular morning precipitated something already existing, and that any violent exertion was liable to do so. There was no evidence to the contrary offered by the respondent. The Industrial Commission and circuit court held that the injury was not compensable, the trial judge laying stress upon the fact that nothing unusual or violent happened outside of petitioner's body.

Under the circumstances as they here exist, where there is no dispute as to the testimony and only a dispute as to what it shows, the question becomes one of law. (*Ervin* v. *Industrial Com.* 364 Ill. 56.) The trial court so regarded it, and passed upon the question solely from the standpoint as to whether or not Marsh had suffered an accidental injury entitling him to a recovery under the Workmen's Compensation Act.

The question in this case to be decided is whether under the law it has been shown Marsh suffered an accidental injury entitling him to compensation. It is well settled that the Workmen's Compensation Act is not limited in its application to healthy employees. Where one sustains an accidental injury which aggravates a diseased condition, or where, in the performance of his duties and as a result thereof, he is suddenly disabled, an accidental injury is sustained even though the result would not have obtained

had the employee been in normal health. *Jones Foundry and Machine Co.* v. *Industrial Com.* 303 Ill. 410; *Powers Storage Co.* v. *Industrial Com.* 340 Ill. 498.

The admitted facts in this case show the petitioner, while apparently healthy, immediately after lifting a heavy weight, became sick and disabled from a fibrillating heart with hypertension and a nephritic involvement. The doctors were unable to say whether this condition necessarily pre-existed, but it certainly existed after the lifting of the weight. In *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378, where a fireman in a smelting plant became sick and died from breathing fumes, it was held this constituted an accident entitling recovery under the Workmen's Compensation Act. Accidental injury was defined as such as is "traceable to a definite time, place and cause, but if there is such a definite time, place and cause, and the injury occurs in the course of the employment the injury is accidental within the meaning of the act." In that case it was urged the deceased had been exposed to the same condition for many years without injury, and concerning this we said: "It would not be unreasonable to conclude that his immunity was because of the state of his health and his ability to resist the deleterious effect of the gases and fumes over which he worked, but this time his physical condition was such as to make him susceptible to arsenical poisoning in such a degree as to bring on his fatal illness and death. There was sufficient competent evidence before the board to sustain the finding and it cannot be disturbed."

In *Baggot Co.* v. *Industrial Com.* 290 Ill. 530, compensation was awarded where an employee apparently in good health died from hemorrhage due to vigorous muscular exertion in lifting pipes from the floor. We there followed *Matthiessen & Hegeler Zinc Co.* v. *Industrial Com.* 284 Ill. 378, and added: "where a workman died from a pre-existing disease which was aggravated or ac-

celerated under circumstances which can be said to have been accidental, his death may be said to have resulted from accidental injury."

In *Carson-Payson Co.* v. *Industrial Com.* 340 Ill. 632, an employee was assisting in setting a motor. As he picked up the motor and shifted it around in the proper position he suddenly sat down and commenced to pat himself on the chest and say "something awful." Other employees helped him get to his feet and walked him around until a doctor was called, who, upon examination, treated him for dyspnea, or air hunger. He died the next day, and an autopsy disclosed the rupture of a large artery. The medical testimony showed the enlarged condition of the artery may have existed for some time, and might be ruptured at any time if extra muscular effort were used. On the strength of *Baggot Co.* v. *Industrial Com.* 290 Ill. 530, we held there was sufficient evidence of connection between the physical exertion and the rupture of the blood vessel to constitute an accident authorizing compensation under the law.

The same result was reached in *VanWatermeullen* v. *Industrial Com.* 343 Ill. 73, in which we said: "This court has repeatedly held that an injury is accidental within the meaning of the Compensation act which occurs in the course of employment unexpectedly and without any affirmative act or design of the employee." No question is raised that Marsh was not at the time an employee and, if the disability be deemed an accident, that it arose in the course of the employment. The distinction between cases where petitioner had previously been afflicted with heart trouble and those where the condition was first manifested after or at the time of an accident is pointed out in *Fittro* v. *Industrial Com.* 377 Ill. 532.

The theory adopted by the trial court that there must be external evidence of the accident is not supported by authority. In the cases cited above, the injuries were in-

16

ternal, but produced by external effort. We can see no distinction between a case where exertion caused a distention of an artery, resulting in rupture following it, and exertion resulting in a fibrillating heart with hypertension, except that death probably results sooner in one case than in the other, but disability undoubtedly occurs in both instances. Applying the tests laid down by this court, Marsh was disabled unexpectedly in the course of his employment without any act or design upon his part, and this, we have held repeatedly, constitutes an accidental injury.

This is not a case where there is any argument about the facts, but merely one as to whether petitioner suffered an accidental injury under undisputed facts. Neither is there a question as to whether it was caused by external violence or by physical exertion. A man who has been an employee for many years, while lifting a heavy weight, suddenly becomes sick and faint, and an examination discloses a heart injury. This had not been apparent before. In our opinion it comes within the principle of the foregoing cases, and constitutes an accidental injury, authorizing an award of compensation. If there were any evidence of a contradictory character, the finding of the Industrial Commission would be of great weight, but where the facts are not in dispute, and it is indicated the judgment of the court was based upon the legal proposition that an accident had not occurred, we have the power to examine all of the facts and determine whether, as a matter of law, they are sufficient to show an accidental injury.

We are of the opinion the circuit court erred in approving the finding of the Industrial Commission. The judgment of the circuit court of Logan county is reversed, and the cause remanded, with directions to overrule the finding and order of the Industrial Commission, and direct that petitioner be awarded compensation.

*Reversed and remanded, with directions.*