(Nos. 3847, 3848 and 3849 Consolidated—

MARIE McASEY, ADMINISTRATRIX OF THE ESTATE OF EDWARD J. McASEY, DECEASED, CARL F. JESSE AND JAMES R. CARPENTER, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

PENCE B. ORR, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN AND C. ARTHUR NEBEL, Assistant Attorneys General, for respondent.

Fisher, J.

Edward J. McAsey, Carl F. Jesse and James R. Carpenter were injured in the course and within the scope of their employment as Guards at the Illinois State Penitentiary, Joliet Branch, on May 4, 1943. Claims were separately filed on May 1, 1944, and, for the purpose of hearing and determination were, by stipulation, consolidated.

Claimant, Edward J. McAsey, died intestate on December 26, 1944, and, by order of this Court, Marie McAsey, Administratrix of the Estate of Edward J. McAsey, Deceased, was substituted as claimant.

On the morning of May 4, 1943, two prisoners attempted an escape from the Joliet Penitentiary (Old Prison) and, in the attempt, viciously assaulted Edward J. McAsey, Carl F. Jesse and James R. Carpenter, all of whom, in preventing the escape, were severely injured. The facts are not denied and no question arises as to the jurisdiction of the Court of Claims. Respondent agrees that "the only question to be considered by the Court is the extent and the permanency, if any, of the injury to the claimants."

Claimants and respondent were operating under the provisions of the Workmen's Compensation Act, and the claimants are entitled to the benefits provided by this Act.

The record of these claims consists of the following:

Copy of Complaint in each case.
Stipulation to Consolidate.
Departmental Report.
Original Transcript of Evidence.
Abstract of Evidence.
Exhibit No. 1 in Case No. 3847.
X-ray Exhibits Nos. 1, 2 and 3 in Case No. 3849.
Statement, Brief and Argument of Claimants.
Suggestion of death of Claimant, Edward J. McAsey, in Case No. 3847.
Copy of Death Certificate and Letters of Administration.
Statement, Brief and Argument of Respondent.
Reply Brief of Claimants.
Amendment to Complaint in Case No. 3847.
Waiver of Respondent's Answer to Claimants Reply Brief.
Answer of Respondent to Claimants Amended Complaint in Case No. 3847.

At the time of the injury, Edward J. McAsey did not appear to be seriously injured. He was not hospitalized. He had been struck, knocked down and kicked about the body by one of the prisoners. A short time later he complained of pains in his back; a lump developed in his right side; and he lost considerable weight. He called Dr. Charles J. Carlin of Joliet, Illinois, in July, 1943, who, after an examination, recommended surgery. Mr. McAsey was taken to Hines Veterans Hospital, where his right kidney was removed and found to be cancerous. He died on December 26, 1944, from "metastatic carcinoma of right kidney." He was in good health prior to the injury on May 4, 1943. Dr. Carlin testified that if the injury that Mr. McAsey had received did not actually cause the condition from which he died it did aggravate the condition and hasten his death. Also, on cross exam-

ination, Dr. Carlin testified "in my opinion the injury which Mr. McAsey received during the riot may have been the cause of the cancer, or, if not the cause, it is my opinion that the injury aggravated his condition and did shorten his life for a number of years." Such an injury falls within the provisions of the Workmen's Compensation Act, and is compensable. *Finkler* vs. *State*, 11 C. C. R. 55; *Marsh* vs. *Industrial Commission*, 386 Ill. 11.

There is much evidence as to the injury of Mr. McAsey, the cause and effect, and from all the evidence we conclude and find that Mr. McAsey came to his death as a result of injuries sustained during the course and within the scope of his employment. At the time of his death he left his wife, him surviving, and two children under the age of 16 years, dependent upon him for support. The deceased, to relieve from his injury, during his lifetime advanced $26.00 for medical services, for which sum his estate is entitled to be reimbursed. The average weekly wage of decedent during his lifetime was $38.37 per week.

An award, in accordance with the provisions of the Workmen's Compensation Act, will be entered in favor of Marie McAsey, for herself and for the benefit of her two children.

Claimant, Carl F. Jesse, is married and has three children under 16 years of age dependent upon him for support at the time of the injury. He seeks an award for serious and permanent disfigurement to his head and face and for permanent disability. He was hospitalized at the time of the injury and all hospital and medical expenses were paid by respondent. He suffered no loss in salary and now earns as much and more than he did during the injury. Under the Workmen's Compensation Act, no award can be made to him for temporary or

permanent disability. There is no doubt that Mr. Jesse was severely beaten about the face and head. His injuries, however, to be compensable, must fall within some provision of the Workmen's Compensation Act. There is testimony that his vision has become impaired as a result of the injury, but the evidence is insufficient upon which to base an award. The degree of impairment to his vision is not shown. The burden is upon the claimant to make proper proof of his claim, and in the absence of proof showing the degree that his vision has been impaired, we cannot grant an award. There is also much testimony as to the disfigurement to his face; the nasal bone and frontal bone on the right side of his face were fractured, as well as the septum, which was severely shattered inside. It was testified that "his nose was spread all over his face." Disfigurement is a matter of appearance, and deformity as it appears after medical attention and treatment, must be described in some detail in order that just and fair compensation might be determined. There is evidence that his nose is deformed, but we are unable to determine the extent of this deformity. On the evidence before us, we cannot grant an award for disfigurement. However, we retain jurisdiction of this claim for such further evidence and consideration as may be proper.

For the reason stated, the claim of Carl F. Jesse must be denied.

Claimant, James R. Carpenter, is married and had one child under the age of 16 years at the time of his injury. He seeks an award for injuries to his head and face, for partial loss of vision and for disfigurement. Claimant was struck about the head and face with a hammer by one of the prisoners, fracturing claimant's jaw and inflicting other serious and painful injuries to

his head and face. He was paid his salary during his temporary disability, and thereafter returned to his former position at the same salary. There is no claim for temporary or permanent disability. Dr. Howard N. Flexer testified for claimant as follows:

"* * * James R. Carpenter sustained a compound fracture of the left cheek bone, the fracture being both of the depressed type and linear. The linear fracture extended from the second molar tooth on the left side, upper, up to and into the left lower side of external orbital fossa wall. The depressed fracture was just below the orbit on the left side, in the anterior surface of the malar bone. His injuries caused him hemorrhage into the posterior orbit, causing double vision for about one month, and then single vision only after eye strain for another month. He had too, severe subconjunctival hemorrhage of left eye from the force of the blow * * *"

From the evidence, it appears that James R. Carpenter sustained no injuries that are compensable under the Workmen's Compensation Act, except possible impairment of his vision and such dental charges as may be necessary to relieve him from the effects of his injury. He testified that he paid some dental charges of approximately $45.00, and Dr. Eugene J. Drenning testified that some teeth must be pulled and replacements made that will cost about $200.00. In order to recover medical and dental charges, claimant must show the exact amount of the costs or charges, and the same must be shown to be reasonable. It is not sufficient to approximate the amount of such costs or charges that are necessary to relieve from the effects of an injury. There is evidence that claimant's vision has become impaired, but the degree of impairment is not shown. Under the evidence, no award can be made to claimant, James R. Carpenter. It is evident, however, that he has sustained some compensable damages, the exact amount of which we cannot determine from the evidence, and jurisdiction

of this claim is, therefore, retained for such further consideration as additional evidence may require.

The claim of Carl F. Jesse is denied.

The claim of James R. Carpenter is denied.

Under the Workmen's Compensation Act, Section 7, paragraphs H3-K-G, claimant, Marie McAsey, is entitled for herself and on behalf of her minor children, to have and receive from respondent the sum of $5,280.00, plus advancements of $26.00 for medical expenses, making a total of $5,306.00.

An award is therefore entered in favor of claimant, Marie McAsey, in the sum of $5,306.00, payable as follows:

$448.40, which is accrued up to June 12, 1945, and is payable forthwith;

$4,857.60, payable in weekly payments of $17.60 each, beginning June 19, 1945.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."