(No. 4025 

DELLA CHILDERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1947.*

DIXON, DEVINE, BRACKEN AND DIXON, for Claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Della Childers, is the widow of George B. Childers, deceased, who was employed by the Department of Public Welfare at the Dixon State Hospital, as a watchman.

The record consists of the Complaint, Amendment to the Complaint, Departmental Report, and Waivers of Brief and Argument by Claimant and Respondent.

On January 4, 1947 Mr. Childers started out in an automobile with some other employees of the Institution to locate two patients who had escaped, which was a part of his duties as watchman. The night was extremely cold—the temperature being below zero—and while the car was in the northeast part of the town about one-half mile from the Institution, the automobile became stalled in a snow bank. Mr. Childers and the other two employees took turns in shoveling the snow and pushing the car to extricate it, which took about an hour and a half. They then returned to the main office of the Institution, and as decedent reached for the door latch, he fell over. A doctor was immediately called, and Dr. Belinson and Dr. Kamenetz came in a matter of a few min-

utes. Dr. Belinson testified that decedent died from a coronary occlusion; that the physical exertion by decedent in extricating the car and the cold weather were definite contributing factors to his death. Dr. Kamenetz testified to the same effect.

It has been held on numerous occasions that when a person's pre-existing disease is aggravated or accelerated in the course of his employment and death results therefrom, it is compensable. *Finkler* v. *State*, 11 C.C.R. 55; *Martin* v. *State*, 14 C.C.R. 189; *Valier Coal Co.* v. *Industrial Commission*, 339 Ill. 458; *Marsh* v. *Industrial Commission*, 386 Ill. 11; *Simpson Co.* v. *Industrial Commission*, 337 Ill. 454; *Vincennes Bridge Co.* v. *Industrial Commission*, 351 Ill. 444.

At the time of the accident, decedent and respondent were operating under the provisions of the Workmen's Compensation Act, and notice of the accident and claim for compensation were made within the time provided in the Act, and we find that the accident arose out of and in the course of decedent's employment.

The earnings paid to decedent by respondent for the year previous to his death aggregated $1,531.29. Claimant, therefore, is entitled to an award under Sec. 7 (a) of the Workmen's Compensation Act in the amount of $4,000.00. The accident having occurred after July 1, 1945 this must be increased 20% making a total award of $4,800.00. .Decedent's average weekly wage, computed under Section 10 (a) of the Act was $29.45, and his compensation rate would be $14.73 per week, which must be increased 20%, making the compensation rate $17.68 per week. Decedent had no children under the age of 16 years dependent upon him for support at the time of his death.

An award is therefore made in favor of claimant.

Della Childers, in the amount of $4,800.00, to be paid to her as follows:

$ 795.60, which has accrued is payable forthwith;
$4,004.40, payable in weekly installments of $17.68 beginning on November 24, 1947 for a period of 226 weeks, with an additional payment of $8.72.

All future payments being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

Darleen Lambert, court reporter, Dixon, Illinois, was employed to take and transcribe the evidence in this case and has rendered a bill in the amount of $15.00. The Court finds that the amount charged is fair, reasonable and customary, and that said claim be, and is, hereby allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."