(No. 4026 ▮▮▮▮▮▮▮

MALCOLM MACLEOD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1948.*

EARL LITTLE, for Claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for Respondent.

DAMRON, J.

The complaint in this case was filed on May 23, 1947. It is a claim under the Workmen's Compensation Act, and alleges that the above named claimant was injured on February 22, 1947 while employed by the respondent as a janitor in the State Northwest Armory in Chicago. It seeks an award for permanent total disability.

The evidence was taken on the 14th day of November, 1947 before Commissioner Blumenthal.

Claimant testified that on February 24, 1947 he was ordered by one Joseph Salemme, a fellow employee, to move some chairs, and while going down an inner stairway from the second floor of the Armory he fell over the balustrade for a distance of about 16 feet striking his head against the cement floor. He testified he lost consciousness for a short time, and then was taken by an ambulance to Alexian Brothers' Hospital. The Departmental reports filed in this cause show that he was discharged from the hospital on March 26, 1947. On the date of the hearing he testified that he did not feel well; his head ached; his back was painful; he could not stand up; and that he was dizzy all the time, and if he walks a short distance he falls down.

On cross-examination he testified that the accident occurred about 1:15 P. M., and that the balustrade over

which he fell was about 4 feet high. No one witnessed his fall. He further testified that after leaving the hospital he went to his room and could not walk down the stairs for about 2 months. He was unable to leave his room alone until some time in June and rested thereafter to September. Previous to his employment by the respondent, he testified that he had worked four years at the Bible Institute in Chicago, but had quit there about one month prior to going to work at the Armory, because the work was too hard for him.

In support of his complaint Doctor Albert C. Field was called and testified that he examined the claimant on October 9, 1947 finding claimant to be unsteady on bending test with a tremor of the extended fingers and tongue; restricted movement of the spine; roughened breathing sounds; a somewhat rapid heart; a blood pressure of 180/90; urine specific gravity sp. 1018; with a trace of sugar; reflexes present, equal and somewhat exaggerated; marked nervous instability; and arteriosclerosis of the heart. Dr. Field testified that he took X-rays of the claimant which revealed a healed fracture of the 9th rib. He expressed an opinion that was based on his examination that claimant was unable to perform duties such as sweeping, dusting and arranging chairs; that his disability was permanent and that the fall, testified to by claimant, probably had a tendency to aggravate his existing condition. That in his opinion the arteriosclerosis was probably due to his age but there could be a causal connection between the concussion and the claimant's tremors, diabetic condition, arteriosclerosis and positive findings of the Lasuege and Kernig tests.

The respondent called Louis J. Schutt, custodian of the Armory, who testified he had found the claimant lying at the bottom of the stairs alongside of two push-

brooms. He further testified that the stairway in question is entirely enclosed with a handrail on both sides; that the flight comprised about 16 steps; and that it was not possible for claimant to have fallen over the balustrade. He further testified that as far as he knew claimant had no reason to be going down the stairs, and further that Joseph Salemme, who claimant ha'd testified had ordered him to move some chairs, was not arranging any chairs, nor was any furniture moved that day in the Armory. Salemme was not called as a witness by the respondent.

It was stipulated by and between the parties that if Dr. William E. Dyko were called as a witness in this case and were sworn, he would testify that he was the treating and attending physician and surgeon of the claimant, and that he would testify as follows:

"That claimant was discharged as a patient on March 26, 1947; that he had recovered from the injuries sustained on February 24, 1947, consisting of contusions and abrasions to his head, arms, elbows, wrists, back, cerebral concussion, fracture of the 9th rib, and partial collapse of the base of the left lung. These injuries were complicated by arteriosclerotic heart disease, with first degree arterio-ventricular block and decompensation, diabetes, and hypertension having been brought under control. While these conditions were aggravated by the accident they were neither caused by nor did they result therefrom."

The Supreme Court of this State and this Court has held on numerous occasions that when a person has a pre-existing disease and that disease is aggravated or accelerated in the course of the employment by accidental means it is compensable. *Finkler* vs. *State*, 11 C.C.R., 55; *Cameron, Joyce & Co.* vs. *Ind. Com*, 324 Ill. 447; *Marsh* vs. *Ind. Com.*, 386 Ill. 11; *C. & A. Ry. Co.* vs. *Ind. Com.*, 310 Ill. 506; *Muir* vs. *State*, 14 C.C.R., 191. However, in order to recover an award it has been held by this Court that the burden is upon claimant to establish by a preponderance of the evidence his right to compen-

sation, and no award can be based upon speculation, surmise or conjecture. *Sprague* vs. *State,* 14 C.C.R., 116; and cases cited thereunder.

Viewing the record as liberally as possible so as to accord the claimant every benefit of the Workmen's Compensation Act, as amended, we are unable to conclude that claimant has proven that the accident sustained by him on the 24th day of February, 1947 aggravated or accelerated his previous unstable condition of health. His claim for permanent total disability must be denied.

We find from the evidence, however, that claimant was temporarily, totally disabled from the date of his injury, to-wit February 24, 1947, to the 14th day of November, 1947, representing 37 4/7 weeks, and based on his weekly compensation rate of $17.30 this would amount to the sum of $649.98.

An award is therefore hereby entered in favor of claimant, Malcolm MacLeod, in the sum of $649.98 for temporary total disability for the period above indicated, from which must be deducted the sum of $145.60 paid to him for the last five days of February and all of March, 1947 for unproductive time, leaving a net award in the sum of $504.38, which has accrued and is payable forthwith.

The record discloses that A. M. Rothbart, Court Reporting Service, has filed a bill amounting to the sum of $50.15 for the taking and transcribing of the evidence. We find this charge is fair and reasonable, and it is hereby allowed.

An award is hereby entered in favor of A. M. Rothbart in the sum of $50.15.

These awards are subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."