(No. 4142

ELLA CUSHMAN, WIDOW, ET AL., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 8, 1949.*

*Petition of Claimant for rehearing denied September 23, 1949.*

*Motion of Claimant for new trial denied February 14, 1950.*

FRANK R. EAGLETON, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Ella Cushman, widow of Clyde E. Cushman, deceased, seeks to recover under the Workmen's Compensation Act for the death of her husband, allegedly as a result of aggravation of a pre-existing heart condition, while in the employment and performance of his regular duties for the Department of Public Works and Buildings of the State of Illinois. With the exception of five months in 1942 and four and one-half months in 1944, decedent had worked continuously for respondent since 1921.

Clyde Cushman was chauffeur for Mr. Walter A. Rosenfield, Director of Public Works and Buildings of the State of Illinois, and as such on November 5, 1948, he drove Mr. Rosenfield from Springfield, departing about 1 P.M., to the latter's home in Rock Island, Illinois, and immediately returned to Springfield.

Mr. Rosenfield testified that Clyde Cushman was not suffering in any manner on the trip to Rock Island and that he did not complain of anything and did not look like he was suffering. The last time that Mr. Rosenfield saw Clyde Cushman was between 4 and 4:30 P.M. when Mr. Rosenfield got out at his home and Clyde Cushman started back to Springfield.

Claimant herein testified that Clyde Cushman had been under the treatment of a heart specialist in St. Louis for about two years prior to his death and that he had a slight coronary thrombosis accompanied by slight high blood pressure. She also testified that Clyde Cushman had not taken any medicine for a long time and had not seen a doctor about his heart condition since August, 1948.

Dr. Robert Flentje, whose qualifications were admitted, in answer to a hypothetical question, stated that

a person might in driving a long time in one day aggravate a heart condition with possible fatal effect. Dr. Flentje had never examined the decedent, but did categorically state that a coronary thrombosis usually causes death.

The departmental report filed herein contains some statements, contradicted by the oral testimony of Mr. Rosenfield, to the effect that the car Clyde Cushman was driving was not operating properly and that he appeared somewhat unnerved at Rock Island. All of the facts relating to what transpired immediately prior to the death of Clyde Cushman are set forth in the departmental report, which reads in part as follows:

"Mr. Cushman left Rock Island at about 4:30 P. M. and arrived at the State Central Garage, Second and Ash Streets, in Springfield, at 8:25 P. M. It was his custom to make the return trip in three hours without stopping for dinner or gasoline service. He was to deliver a message from Director Rosenfield to a guest at the Abraham Lincoln Hotel at approximately 9:15 P. M.

"Upon arrival at the garage he parked the State car on Ash Street and went into the garage. There he secured a bar of candy from a vending machine and engaged the night mechanic, Mr. W. T. Wilkins, in general conversation. After being in the garage about ten minutes, Mr. Cushman complained about feeling "awful" and was about to slump to the floor. Mr. Wilkins being nearby, caught Mr. Cushman as he was in the act of falling and lowered him gently to the floor. This event occurred near the front of the garage in the driveway area between the gasoline pumps and the shop foreman's desk.

"The city ambulance was called and responded in about ten minutes. On arrival at the hospital Mr. Cushman was pronounced dead."

Although briefs were waived by the parties hereto, and the Court has therefore not been afforded the benefit of the views of counsel herein, a rather thorough search of the cases involving death or disability from heart trouble has been made, and the Court has reached the conclusion that under the facts disclosed by this record, an award would not be justified in this case.

Throughout the cases examined runs a carefully de-

lineated distinction depending on the existence or non-existence of pre-existing heart disease.

A long line of cases hold that where there is no showing of pre-existing disease and an employee while at work, usually of a heavy nature or involving unusual exertion or strain, suffers a heart attack, such attack is held to be an accidental injury arising out of and in the course of employment under the Workmen's Compensation Act. *Marsh* v. *Ind. Com.*, 386 Ill. 11, is a recent case wherein are reviewed many of the cases falling in this category.

However, in this record there is uncontradicted testimony that decedent had previous heart disease, and the rule in such cases is that compensation may be awarded although there is a pre-existing disease if the disease is aggravated or accelerated by an accidental injury in the course of employment. There must, however, be an accidental injury as the immediate or proximate cause of death, *Chicago & Northwestern Ry. Co.* v. *Ind. Com.*, 341 Ill. 131; *Hahn* v. *Ind. Com.*, 337 Ill. 59; *Jakub* v. *Ind. Com.*, 288 Ill. 87.

In *Fittro* v. *Ind. Com.*, 377 Ill. 532, the Supreme Court of Illinois has very clearly set forth the distinction above referred to in heart disease cases, and the court at page 537 said:

"This case is entirely different from the line of cases in which the death was caused by organic heart trouble or other pre-existing disease. As pointed out by this court in the case of *Jacob* vs. *Industrial Com.*, 288 Ill. 87, where the death was caused by a pre-existing disease, it must be shown that the disease was aggravated and accelerated by an accidental injury sustained in the course of the employment. (*Peoria Railway Terminal Co.* vs. *Industrial Board*, 279 Ill. 352.) Where there is a pre-existing disease, in order to bring the case within the rule, there must be an accidental injury as to the immediate, or proximate, cause of death. The statute provides compensation for accidental injuries, or death, suffered in the course of employment. An accidental injury is one which occurs in the course of the employment, unexpect-

edly and without the affirmative act or design of the employee. It is something which is unforseen and not expected by the person to whom it happens. (*Matthiessen & Hegler Zinc Co.* vs. *Industrial Board*, 284 Ill. 378.) Thus, in the pre-existing disease cases, the evidence must show an aggravation, or acceleration, of the disease, by some accidental injury. That role, however, does not apply to a case * * * where no pre-existing disease is shown to exist."

The facts in this case disclose that Clyde Cushman had finished his driving for the day and had, with the exception of delivering a message to the Abraham Lincoln Hotel for Mr. Rosenfield, to all intents and purposes ceased working for the day. In *Philadelphia Reading Coal & Iron Co.* v. *Ind. Com.*, 334 Ill. 58, deceased had been working for some months in a coal yard loading coal in the wagons or putting it in bags weighing about one hundred pounds, which were then loaded by men into the wagon. The deceased worked on the day of his death until the regular quitting time, walked about a hundred yards to his home, sat down on a box on the porch, remarked that he did not feel well, and shortly thereafter fell off the box and soon died. He died of heart disease, which had been diagnosed about seven months prior. The court held that compensation could not be awarded, and at page 62 said:

"There is no evidence in the record of any unusual exertion or strain on the part of Merek shortly before his death. The work he did on the day of his death, while heavy work, was such as he usually did in the course of his employment. Furthermore, he did not collapse while at work, but after having finished the job on which he was working, without any complaint of injury or sickness and with apparently nothing the matter with him, walked two hundred and ten feet or more and sat down before he collapsed."

The Court is of the opinion that the facts as disclosed in the record of this case are governed by cases above referred to, and that an award must be and is therefore denied, there being no showing of "an accidental injury to the employee resulting in death" within

the meaning of the first paragraph of Section 7 of the Workmen's Compensation Act.

Hugo Antonacci, Illinois National Bank Building, Springfield, Illinois, was employed to take and transcribe the evidence before Commissioner Jenkins, and a charge of $28.30 was incurred for this service, which is reasonable and customary, and an award for such amount is hereby entered in favor of Mr. Antonacci, which is payable forthwith.