(No. 4187)

FLORENCE M. LIPPLE, WIDOW, ET AL., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 20, 1949.*

MEYER AND MEYER, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Florence M. Lipple, is the widow of Harold Lipple, who was employed by respondent in the Division of Highways, and seeks an award for the death of her husband under the provisions of the Workmen's Compensation Act.

On January 18, 1949, a heavy snow caused the highways in the vicinity of Greenville, Bond County, to become coated with ice, which made driving hazardous. At approximately 3:00 A.M., Mr. Lipple received a tele-

phone call at his home from a superior, who instructed him to load his truck with treated cinders, and spread them on the hills and curves of his maintenance section. Mr. Lipple with the aid of his helper at approximately 4:30 A.M., while shoveling cinders with a No. 2 scoop from the stock pile, into his truck, developed a sudden sharp pain in his chest and collapsed. He was taken to his home, and Dr. William L. Hall, his family physician, diagnosed his injury as coronary occlusion following the strain of shoveling frozen cinders. The following afternoon Mr. Lipple was taken by ambulance to St. Joseph's Hospital in Highland and died at the hospital on January 23, 1949.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

Dr. William L. Hall testified that he had examined Mr. Lipple a short time before the injury and found him in good physical condition and that Mr. Lipple had never been known to complain of his heart or a pain in his chest. Dr. Hall further testified that coronary occlusion was brought on by the exertion in hurrying to put cinders on the road.

A long line of cases held that where there is no showing of pre-existing diseases and an employee while at work, usually of a heavy nature or involving unusual exertion or strain, suffers a heart attack, such attack is held to be an accidental injury arising out of and in the course of employment under the Workmen's Compensation Act. *Marsh* v. *Ind. Comm.*, 386 Ill. 11, is a recent case wherein are reviewed many of the cases falling in this category. There must, however, be an accidental injury as the immediate or proximate cause of death.

We find from this record that deceased's annual earnings during the year immediately prior to his death amounted to the sum of $2,436.00, making his average weekly wage amount to the sum of $46.84. His weekly compensation rate therefore would be $19.50 under the Workmen's Compensation Act, as amended and in force July 18, 1947.

We further find that under Section 7(a) of the Act, claimant is entitled to an award.

An award is hereby entered in favor of claimant, Florence M. Lipple, in the sum of $5,200.00. Of this sum there has accrued to October 17, 1949, the sum of $741.00, being 38 weeks at $19.50 per week which is payable forthwith to her in lump sum.

The remainder of said award amounting to the sum of $4,459.00 is payable to claimant, Florence M. Lipple, at a weekly rate of $19.50 commencing October 24, 1949, for 228 weeks with one final payment in the sum of $13.00.

The future payments hereinabove set forth, being subject to the terms of the Workmen's Compensation Act of Illinois, jurisdiction in this cause is hereby retained for the purpose of making further orders that may be from time to time necessary.

Esther A. Kersey, Court Reporter, was employed to take and transcribe the evidence in this case and has rendered a bill of $16.69. The Court finds that the amount charged is fair, reasonable and customary, and that said claim be, and is hereby allowed.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."