(No. 4244-

Rosa Lee Brush, widow, et al, Claimant, vs. State of Illinois, Respondent.

*Opinion filed September 19, 1950.*

Russell E. Kalk, Attorney for Claimant.

Ivan A. Elliott, Attorney General; William H. Sumpter, Assistant Attorney General, for Respondent.

Lansden, J.

Claimant, Rosa Lee Brush, widow of LeRoy Brush, deceased, seeks to recover from respondent under the Workmen's Compensation Act for the death of her husband as the result of an accident arising out of and in the course of his employment by respondent as an automotive mechanic in the Division of Highways, Department of Public Works and Buildings.

On July 27, 1949, a hot, humid day, decedent was working at his assigned duties, having been instructed to install a new battery in a road grader, which was being repaired at the State garage, Elgin, Illinois.

Such battery weighed 62 pounds, and decedent wheeled it on a hand truck to within 30 feet of the grader, and carried it the remainder of the distance. Decedent

then lifted the battery vertically 4½ feet to the floor of the grader cab, and, after getting into the cab, decedent lifted the battery another 1½ feet into the battery box. Then decedent, leaning down in a necessarily awkward and straining position, made the necessary connections.

Shortly after installing the battery, decedent complained of chest pains and shortness of breath. He rested the balance of the afternoon, and went home at quitting time.

Decedent became acutely ill during the night, and was taken to a hospital where his condition was diagnosed as a severe heart attack.

Decedent had pains in his chest and arms. He was short of breath and in medical shock. His pulse was rapid, his heart beat weak, his blood pressure low. He was pale, perspiring and cold, and his skin was blue.

For some days decedent showed improvement in the hospital, but on August 7, 1949, he displayed the same symptoms he had manifested earlier but to an intensified degree, and he then died.

Prior to July 27, 1949, decedent had been in good health, and had never shown any signs of having a diseased heart.

Medical testimony in the case indicated decedent's heart attack came about as a result of decedent's unusual exertion in installing the battery.

No jurisdictional questions are involved.

Prior to *Town of Cicero* v. *Ind. Com.*, 404 Ill. 487, the Supreme Court of Illinois drew a careful and well defined distinction concerning heart cases under the Workmen's Compensation Act, based on whether an employee had pre-existing heart disease or not. *Fittso* v. *Ind. Com.*, 377 Ill. 532. Whatever the *Town of Cicero* case may have done to erase the previous delineation of

legal principles relating to heart cases, the fact remains that decedent in this case did not have diagnosed or known pre-existing heart disease. This case falls within the rule announced in *Marsh* v. *Ind. Com.*, 386 Ill. 11, and the cases cited therein, and *Leadley* v. *State,* No. 4137, opinion filed December 7, 1949, in which the Court held that decedent suffered an accidental injury resulting in his death within the meaning of the Workmen's Compensation Act. Claimant is, therefore, entitled to an award.

On the date of his accident, decedent was 62 years of age, married to claimant herein, but had no children under 18 years of age dependent upon him for support. Decedent's earnings in the year prior to his accident amounted to $2,864.00, and the rate of compensation is $22.50 per week.

Respondent did not pay anything for decedent's hospitalization and medical treatment from the date of his accident to the date of his death. Claimant has offered no proof as to such charges, and we can not reimburse claimant for such unknown expenses. Respondent did, however, pay decedent's full salary from the date of his accident until his death when decedent performed no services for respondent. This amounted to $92.62, and must be deducted from claimant's award.

William J. Cleary & Co., Chicago, Illinois, was employed to take and transcribe the testimony before Commissioner Tearney. Charges in the amount of $43.00 were incurred, which charges are customary and reasonable. An award is entered in favor of William J. Cleary & Co. for $43.00.

An award is entered in favor of claimant, Rosa Lee Brush, widow of LeRoy Brush, deceased, under Section 7 (a) (L) of the Workmen's Compensation Act for $6,-

000.00, less the payment of $92.62 for non-productive work, or a net award of $5,907.38, payable as follows:

$1,308.21 less payment of $92.62 for non-productive time, or the sum of $1,215.59 which has accrued and is payable forthwith,

$4,691.79, which is payable in weekly installments of $22.50 per week, commencing on September 26, 1950, for a period of 208 weeks, plus one final payment of $11.79.

Jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."