(No. 4182—

FLOSSIE H. WRIGHT, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*

SUMNER C. PALMER AND LOUIS N. BLUMENTHAL, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The claimant, Flossie H. Wright, widow of John A. Wright, filed her complaint on March 31, 1949, seeking an award under the Workmen's Compensation Act for the death of her husband on January 5, 1949,

alleged to have resulted from an accident on December 27, 1948, arising out of and in the course of his employment by the respondent as Chief Engineer at the Chicago State Hospital.

There is no dispute that the decedent, John A. Wright, had a chronic heart ailment.

From an exanimation of the record on December 27, 1948, the decedent had left his office and gone to the general store to get some things for dinner (Record 5). While on the way to the store he slipped off of a curb, fell, and bruised his left hip. While it can be conceded from the medical testimony that the fall created a causal connection with his death in throwing extra exertion on the heart, the principal question for the court to decide is, "Did the fall arise out of and in the course of his employment?"

The burden was on defendant in error to prove that the death of the employee was the result of an accident arising out of and in the course of the employment. The rule is equally well settled that an award must be founded upon facts and inferences reasonably drawn from facts proved by the evidence, and cannot be based upon guess or conjecture. *Fittro* vs. *Ind. Com.*, 337 Ill. 532-536; *Town of Cicero* vs. *Ind. Com.*, 404 Ill. 487-492.

As pointed out by the Supreme Court in *Jakub* vs. *Ind. Com.*, 288 Ill. 87, where the death was caused by a pre-existing heart disease, it must be shown that the disease was aggravated and accelerated by an accidental injury sustained in the course of the employment. Where there is a pre-existing disease, in order to bring the case within the rule, there must be an accidental injury as the immediate, or proximate cause of death. An accidental injury is one which occurs in the course

of the employment, unexpectedly, and without the affirmative design of the employee. It is something which is unforeseen, and not expected by the person to whom it happens. Thus, in pre-existing disease cases, the evidence must show an aggravation, or acceleration of the disease, by some accidental injury. *Fittro* vs. *Ind. Com.*, id. 537.

In the original opinion entered by the Court it was stated that there was no evidence in the record that deceased was in the performance of his duties as Chief Engineer. A petition for rehearing was allowed on the ground that there was apparently some dispute as to just what transactions occurred at the "General Store" on November 16, 1950. Additional testimony was heard, and it was shown that the general store was on the hospital grounds, and that institutional supplies were kept there; that no supplies were kept for private persons or employees, and that deceased had no personal property in said store; that in order to obtain supplies a requisition would have to be secured from a department head; that deceased's hours were from 8:00 A.M. to 5:00 P.M., and his lunch hour was from 12:00 M. to 1:00 P.M.; that his duties included the maintenance of said store, and mechanical supplies were received at said store; and that when deceased came out of the general store he had nothing in his hands.

The business manager of the store testified that complete orders of foodstuffs and meats are received for the institution, and are not for sale to the public or to employees; that it was possible for employees to get supplies, but the rules required a requisition for the smallest item; that departmental heads could get food, and deliver requisitions later.

24

Flossie H. Wright, claimant, testified on the date of decedent's fall he did not bring anything home for dinner, and that decedent never personally carried provisions home.

From the additional testimony, it is apparent that decedent's duties required him to be about the general store; that he did sustain an injury during working hours, and on the premises of the State. While the Court does not countenance the practice of changing testimony, it must give every liberal interpretation of the evidence before it.

In view of the additional testimony, and giving to it a liberal interpretation, the Court concludes the injury sustained arose out of and in the course of decedent's employment, and claimant is, therefore, entitled to an award. (*Town of Cicero* vs. *Ind. Com.*, 404 Ill. 487-492.)

The earnings of decedent during the year preceding his injuries and resultant death were $6,240.00.

The claim of William J. Cleary & Co. for stenographic services in the amount of $181.10 is found to be reasonable and customary.

An award is, therefore, made in favor of the claimant, Flossie H. Wright, in the amount of $5,200.00, which is to be paid to her as follows:

$2,713.28, which has accrued to September 7, 1951, and is payable forthwith.
The balance of $2,486.72 to be paid in weekly installments at the rate of $19.50 per week commencing September 14, 1951 for a period of 127 weeks, with one final payment of $10.22.

An award is also entered in favor of William J. Cleary & Co. for stenographic services in the amount of $181.10, which is payable forthwith.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".